CAROLINE W. LORING *vs.* GEORGE B. LORING 2D & another.

Under the following legacy and devise: "I give to my wife my personal property for her benefit and support and the support of my son, whilst she remains unmarried. I also give her the improvement of my real estate during the time she may remain my widow;" *Held*, that the testator's widow took the personal property in trust during her widowhood, the income of one half of it to be applied for her own benefit and support, and of the other half for the support of the son, and the remainder expectant on the determination of the trust estate vesting as intestate estate.

BILL IN EQUITY by the widow of Isaac O. Loring, against his children, to obtain a construction of the fourth item of his will

heard by *Colt*, J., on the bill, answers and agreed facts, and reserved for the determination of the full court.

*J. A. Loring*, for the plaintiff.

*C. Kimball*, for John O. Loring.

HOAR, J. The testator, after appointing his wife his executrix, and giving to George B. Loring, his son by a former wife, certain specific chattels and parcels of real estate, gives to his younger son, John O. Loring, one thousand dollars; and then devises and bequeaths as follows:

" Item Fourth. I give to my beloved wife, Caroline W. Loring, all the personal property of which I am now in possession, for her benefit and support and the support of my son John O. Loring, whilst she remains unmarried. I also give to the said Caroline W. Loring the improvement of all my real estate of which I have not already disposed, during the time she may remain my widow.

" Item Fifth. I give to my wife in conjunction with the other heirs the privilege of selling the real estate at any time when it should be deemed advisable by said heirs or their representatives."

It is apparent that this will does not purport to dispose of all the testator's property. The improvement of the real estate not specifically devised is given to the wife during widowhood, and the remainder, being undisposed of, vested of course in the two sons as tenants in common by inheritance. The gift of the personal property in the same item of the will must, we think, be construed in like manner as creating only an estate for her widowhood. It would not be reasonable to treat the phrase " whilst she remains unmarried" as qualifying only the statement of the use to be made of the property given. The need of support for John O. Loring, the infant son, would be as great, if not greater, in case his mother should contract another marriage, as if she remained a widow; and it is not to be supposed that the father would give all his personal property absolutely to his wife, and, expressing one of the reasons for the gift to be a provision for the support of this young child confine the purpose only till his mother should marry again, an event which

might happen within any time, however short, after the will became operative.

The legacy therefore being to the wife for her widowhood only, the only question of any difficulty is, whether it creates a trust in favor of the son; and we are of the opinion that it does. To give property to one person, for the support of another, is certainly sufficient to show that a trust is intended in favor of the latter. The language is not " to enable her to support" or " that she may support" the son, but " for her benefit and support, and the support of my son." Nor is the support confined to the son's minority, while he would remain under his mother's care. It is unlimited as to time in relation to him as much as to her; and might continue so long as her life lasted. There is no intervention of any other trustee, so that the objection of engrafting a trust upon a trust does not arise. The case is thus distinguishable from *Rich* v. *Rogers*, 14 Gray, 174, and from some of the cases there cited.

But the most decisive consideration is this, that the devise in the same item of the will of the real estate to the wife during widowhood is without any mention of a purpose relating to the son, or of a design to give him any benefit from it. Yet, if what the testator had in his mind was to provide for his wife during widowhood, leaving the support of her son wholly to her discretion and affection, this purpose would have had the same application to the real estate as to the personal, because each would increase her means in like proportion; and there would have been as much reason for mentioning it in one case as in the other. The distinction made between them in this respect raises a strong implication that he intended a benefit to the son in respect to the personal property, different from that which he might incidentally derive from an absolute gift to the mother; and makes the case very nearly resemble the case of *Jubber* v. *Jubber*, 9 Sim. 503. There a bequest to the testator's wife of a sum of money " for her own use and disposal," " also the use of all my property, for the benefit of herself and unmarried children, that they may be comfortably provided for as long as my wife Martha may remain in this life," with remainder over to

his children after her death, was held to create a trust for the children who were unmarried at the testator's death, and they were held entitled to share with her equally in the income of the property, except the specific legacy, during her life.

The result is, that the executrix is to hold the personal property in trust during her widowhood, the income of one half to be applied for her own benefit and support, and the other to the support of John O. Loring. The remainder, expectant on the determination of the trust estate, vests as intestate estate, one third in the widow, and one third in each of the sons, in the same manner as the real estate not specifically devised.

We cannot see that the facts agreed of the elder son having a considerable property derived from his mother, and the younger having none except what he takes under the will, can affect the construction of the legacy in question.