Johnson, Chief Judge.
The plaintiff, Mary L. Lapham, sues the executor of Robert Martin, deceased, to recover a legacy of $600, bequeathed to her. She avers that the will of said Martin was probated February 25, 1868; that the defendant took upon himself .its execution; that all expenses of, and charges against, the estate, and all claims of creditors, have been paid, and that there remains in said executor’s hands ready funds sufficient to pay all the legacies named in said will, including that to the plaintiff. She also avers that she has frequently requested and demanded payment of said legacy to her, which he refuses to pay; wherefore she asks judgment.
The executor answers as follows: “ Defendant says that the last will of Robert Martin, deceased, mentioned in the petition, contains the following provisions:
‘ I give and bequeath to Mary L. Lapham, wife of Or-son Lapham, and daughter of Lavina Williams, formerly Lavina Green, the sum of six hundred dollars ($600).' The said Mary L. Lapham was raised in my family, has always *101 'been dutiful and kind to me, and I hereby recognize her as ■,a granddaughter.
‘ It is my will that if Mary L. Lapham shall die, leaving no child of her own, then and in that case, the sum of six hundred dollars ($600), bequeathed to her herein, shall be equally divided between my living children, the issue of my ■own body.’
“ Which are the only provisions of said will relative to said Mary L. Lapham or said six hundred dollars. There* fore, defendant denies that said Robert Martin bequeathed said sum of six hundred dollars to said Mary L. Lapham, •absolutely, but says the same was upon condition, and that said condition has not transpired. That said Mary L. Lap-ham has always been, and still is, childless, although she has been married about the period of ten years — and will probably ever so remain childless. That plaintiffs are pecuniarily unable to respond in repayment of said six hundred dollars, when said Mary L. shall die. That defendant has offered to plaintiff to place said money at interest, and collect and pay over to them the interest, free of charge, ■ during the life of said Mary L. Lapham.
“And defendant says he has been directed by the heirs of Robert Martin, the issue of his own body, not to pay over said sum of money, but to contest the same. He therefore asks that the will be construed, and he be advised and ordered as to his duty in the premises.”
To this answer the plaintiff filed a demurrer, which was overruled, exception noted, and a reply was filed, denying that said bequest was made upon any condition which has not transpired, or that plaintiffs are pecuniarily unable to respond in repayment of said legacy, when said Mary L. ■shall die, and denies the defendant’s authority to coutest the payment of the same to her. Upon this issue, there was a finding and judgment for the defendant, with a motion for a new trial, and bill of exceptions. The evidence ■discloses the fact that the plaintiff and her husband are of limited means, living together in the State of Illinois, with no more property than would be covered by the exemption *102 laws of that state. There is no evidence to negative the probability that the legatee may not yet have children living at her death.
The issue made upon the demurrer and the reply are the-same, and may be considered together. The testator bequeathed to Mary L. Lapham six hundred dollars, and provides that if she shall die, leaving no child of her own, then this legacy shall be “ equally divided between my living children, the issue of my own body.”
The executor admits all charges and claims against the estate have been paid, and that he has ready funds with which to pay said legacy, but excuses himself on the ground that the legatee has been married about ten years without children, and will probably remain childless, and because she and her husband “ are pecuniarily unable to respond in repayment of said six hundred dollars, when said Mary L. shall die,” and on the further ground that the heirs of the testator Object to such payment; and that he has offered to place said money at interest, for her benefit,, during her life.
By section 118 of the executors and administrators’ act (1 S. & C. 588), the court may, if it sees fit, require a legatee who is paid within four years, to give security to refund, if necessary to pay debts. As there are no debts in this case, this statute does not apply. The claim by defendant is that, by.this will, Mary L. takes only the interest in this legacy, during her life, and if she leaves no child surviving, it goes to the living children of the testator; and that the legacy is to remain in the executor’s hands, to be ■ invested by him, the interest only to go to the legatee.
On the other hand, the plaintiff claims that this is an absolute bequest to her, and that the limitation over is void, as inconsistent with the prior clause; or, if that be not so, the first clause vests in her an absolute title to the legacy, with the right of possession, subject to be divested only upon her dying without leaving a child o'f her own; and that no trust or duty is imposed on the executor in the-premises.
*103 In the view we take of this ease, it does not become material to determine whether this limitation over is absolutely void or not. We assume, for 'the purposes of this case, that in the event of the death of Mary L., leaving no child, the then living children of the testator would take. We assume further, that it is immaterial whether Mary L. dies before the testator or after. As to the effect of the limitation over, the most that can be claimed is, that, as this is a bequest of personalty, the limitation over being dependent on a future uncertain event — her dying leaving no child — whatever interest these children of the testator take is by way of executory devise, and not in remainder. Tuylor’s Adm’r v. Foster, 14 Ohio St. 166; Niles v. Gray, 12 Ohio St. 320; Pills v. Brown, Cro. Jac. 590 ; Foster v. Bradley, 3 Term R. 143 ; 1 Jarman on Wills, 834 ; 2 Redfield on Wills, 271; Abbott v. Essex Co., 18 How. U. S. 202; Moffat v. Strong, 10 Johns. 12; Field v. Hitchcock, 17 Pick. 122; Rathbone v. Dickman, 3 Paige, 9; Westcot v. Cady, 5 John. Ch. 334; Boring v. Boring, 100 Mass. 340; Williamson v. Hall, 10 Am. Law Reg. 466; Jones v. Stites, 4 C. E. Green.
The estate or interest of the first legatee would, therefore, be a determinable one,. and until the divesting contingency happens, it remains in the first taker. By what authority, therefore, does the executor assert a trust in himself to hold and manage this bequest? None is expressed in the will, and none is imposed by statute. Does any arise by implication ? It is not doubted but that it was competent for the testator to have imposed the duty of managing and preserving this bequest, but he has not seen fit to do so in terms.
In Fiske v. Cobb, 6 Gray, 144, the devise was of all the residue of his real and personal estate, to C., in fee, provided that, if O. should, at his decease, leave no children or child, then over in certain shares. ’ C. was named as executor, but declined the trust, and removed from the state. It was held, assuming that the limitation over was valid, that unless there is danger of his wasting, secreting, *104 or removing the property, the legacy is to be paid to the legatee without requiring security. It is said the divesting contingency will not prevent such payment at the end of the year from the testator’s death. This point was recently before this court, in Ratliff v. Warner (not yet reported.) The authorities there .cited, and that decision, establish the proposition that whatever be the ultimate rights of the parties, the executor has no right, in a ease like this, to withhold payment of the legacy upon a contingency which may never happen.
As was said in Griffith v. Smith, 1 Vesey, Jr., 97 : “ Suppose there is a contingency left, plaintiffs must have the money; for I can not keep it in court all that time.to await ■ the event. When the contingency arises, it will come to be disputed, if it ever should arise; but non constat now, that it ever will.”
Under what circumstances a court of equity will require a legatee to give bond and security, where there is a valid limitation over, to take effect in futuro, upon the happening of a divesting contingency, must be left for determination when a proper case is made. So also must the question of the executor’s authority and duty in such cases. Confining ourselves strictly to the issues made upon the record, we hold, that whether this limitation over is valid or void, no trust is imposed upon the executor to retain and manage this legacy for the benefit of those who may, in a contingency which may never happen, be entitled to the bequest.
There is no allegation showing danger of waste or loss of the money if paid over. It is said the plaintiffs are now pecuniarily unable to repay when the legatee shall die. Non constat, but they may be able when the divesting contingency happens, if it ever does. Admitting that such a limitation over is valid upon the happening of both contingencies, yet both are uncertain, and the failure of either defeats it. If Mary L. should die leaving a child, or if she die leaving no child and no living children of the testator, the limitation over never would take effect, and in such a case the bequest would be absolute in the first taker and her *105 '.heirs generally. Manifestly.it was the duty of the executor to pay this legacy as provided by statute, unless the will imposes a trust on him to hold it until the contingency is ’ determined.
The will discloses no intention to withhold the legacy from one for whom he expresses an affectionate desire to provide as a grand-daughter.
Whether Mary L. will die leaving no child, is uncertain. Equally uncertain it is, whether, .if she does, there will then be any “ living children ” of the testator, to take the legacy. If the first contingency should happen, the second might not. Until both happen, the limitation over can not take effect. Who; if any, of the children of the testator may then be living, no one can tell. These possible legatees in remainder are not parties here. There is no vested interest in them, whoever they may be. The contingencies may never happen which give them an interest. What- • ever may be their ultimate rights, must be left for determination when a case is made to which they are parties. It •can not be made by.them under this will, which imposes no such duty. But it is said by counsel, that “ a bequest of money for life, and then over, is to be deemed a gift of the interest only, and not of the principal.” This is not a be•quest for life.
We have carefully examined the cases cited and relied on by defendant, and ■ find that they strongly support the conclusion we have reached, namely, that when such limit.ations over of personal property are valid, they take effect by way of executory devise, and not as estates in remainder. In none of them is it held, that itf case of such defeasible estate in personalty, it is the duty of the executor to hold the legacy as a trust estate. One of the cases relied on is, Homer v. Shellon’s Ex’r, 2 Met. 194. It was there held, in case of such a limitation over, the first taker, though not entitled absolutely to the personal property, was not bound, before taking it, to give security that it should be forthcoming upon the happening of the contingency.
So in Jones v. Stites, 4 C. E. Green, 324, also relied on, *106 it was held: “ That if the gift of personalty is absolute in terms, and not, at all events, limited over at the death of the first taker, but only on a specified contingency, as dying without issue living, then the title vests in the devisee or legatee absolutely to be defeated on the happening of the contingency and, in such case, “the chattels must be delivered, or the money paid to the legatee, and, at his death, or upon the contingency, they will go to the legatee in remainder.”
“ Put when personal property is given for life generally,. as the residue or remainder of the testator’s estate, then it' Is to be converted into money and put at interest in the-sames of the executors, and the interest only paid to the-legatees.”
As this is not a devise or bequest to Mary L. Lap-ham for life generally, but is a gift absolute in terms, and not, at all events, limited over at her death, but only In the event she should die childless, leaving living children-©f the testator, she is entitled to have the legacy paid toller, under the first branch of the decision quoted. The-test there laid down, by which to determine the question Is, whether the bequest is absolute in terms, subject to be-divested by, as in this ease, an uncertain contingency; or whether the bequest over is subject to no such contingency, but depends on an event certain to happen, as at the death of the first taker.
In the first case, the legatee takes an absolute estate, subject to be divested, and is entitled to possession, while in. the second, the legatees over have a vested present interest, to which they will be entitled to possession upon the happening of the certain event named. In the latter case, the-court will execute the trust imposed by preserving the estate in remainder.
Field v. Hitchcock, 17 Pick. 182, belongs to this latter-class. It was there held that, “ a bequest of the use of money for life, and then over, is to be deemed a gift of an Interest only, and not an absolute gift of the principal.”
In this case, the gift over was on the happening of a certain event, namely, the death of the first taker, and not, as= *107 in the ease at bar, upon a contingency that may never-happen.
Judgment of the district court and common pleas reversed and cause remanded.
Ashburn, J., did not sit in the case.