*S. Lincoln & G. B. Ives*, for the defendants.

---

LILLIA F. PROCTOR *vs.* SARAH E. PROCTOR & others.

Essex.   Nov. 6, 1885. — Feb. 25, 1886.   FIELD & DEVENS, JJ., absent.

A testator, by his will, gave to trustees, one of whom was his brother, certain property connected with a business in which he was engaged, in trust, to continue the business so long as they should deem it a good business investment, under the personal direction and management of the brother, and to divide the net income therefrom equally between the brother and the testator's wife, the sum paid to the widow to be for her support and the support of the testator's children, and, upon the discontinuance of the business, or if the brother should decline to enter upon the conduct of the business, or in the event of his death, to sell the business and property, and divide the proceeds thereof, with all the accumulations, equally between the testator's widow and children who might then be living, and the issue of any deceased child by right of representation. The will further provided, that all sums of money which should become due upon the testator's death from a certain association should be held by the trustees in trust, after payment of certain debts and expenses, to invest the residue, and pay over the same to his wife and children, the trustees to exercise their judgment as to the amounts and times of such payment; that certain wharf property and privileges should be held by the trustees, in trust, to pay the income from the same to the testator's wife while she remained his widow; and gave the rest and residue of his estate to his wife and children, to be equally divided between them.   *Held*, that the income from the business, directed by the will to be paid to the widow, was to be received by her on a trust, and that the children had a vested beneficial interest in it.

A testator, who was described in his will as of S., gave the income of certain property in trust for the support of his widow and children.   One of the children, a daughter, who was about nineteen years old, entered into an engagement of marriage; and, some difficulty having arisen between her mother and her affianced husband, the relations of the daughter with her mother became inharmonious, and she left her mother at B., where she was then boarding, and went to M. to live with an aunt, where she continued to live apart from the other members of the family.   *Held*, that the daughter had not lost the benefit of the trust in her favor by her removal to M.

BILL IN EQUITY, filed March 21, 1884, against Sarah E. Proctor, Henry F. Proctor, and George A. Murray, trustees under the will of George K. Proctor, deceased, and Alice M. Proctor. The case was heard by *Morton*, C. J., and reported for the consideration of the full court, in substance as follows :

It appeared in evidence that George K. Proctor died on July 27, 1882, leaving a widow, Sarah E. Proctor, one of the defendants, and two minor children, namely, Lillia F. Proctor, the plaintiff, and Alice M. Proctor. The family had lived together up to the time of the death of George K. Proctor, and continued living together and forming one family for some time after his death and the probate of his will, September 4, 1882.

The will of George K. Proctor, in which he was described as of Salem, in the first clause, gave to his brother, Henry F. Proctor, and George A. Murray, all sums received by them from a certain benefit association, in trust, after the payment of certain debts and expenses, " to invest the residue, and pay over the same to my wife and children, in such sums, and at such times, as in the judgment of my said trustees their necessities may require."

The second clause was as follows : " Being satisfied that it will be for the best interests and good of my family that my investment in the Produce Exchange Association should be continued, I give and bequeath unto Henry F. Proctor and George A. Murray aforesaid the following property, to wit, all my stock certificates, stock in trade, accounts, ready money, money in bank, leases, insurance policies, and every other thing whatsoever belonging and connected with the business of the Produce Exchange Association, upon the following trust, namely : I direct my said trustees to continue said business, giving to them full power to manage and conduct the same as in their discretion may seem wise and proper, and so long as they shall deem the same a good business investment, except as hereinafter provided ; it is also my desire and request that my brother, said Henry F. Proctor, shall personally conduct and give his whole time and attention to said business, the same as he now does, and this trust is created as much with a view to his benefit and interest as that of my family ; should he assent to and fulfil the terms of this request, I direct that the net income be ascertained as often as once in every six months, and the same be divided

equally between my said brother and my wife, Sarah E. Proctor, as long as she continues my widow; the sum thus received by my brother is to be in full compensation for all services rendered by him, both as manager of said business and as trustee, and the sum paid to my said wife to be for her support and the support of my children, Lillia F. and Alice M. Proctor. In case of the marriage of my wife, then the income shall be paid out by my said trustees for the benefit of my wife and children then living, to either or all of them, in such proportional parts as their several necessities may require ; that is to say, my said trustees shall have the right to apportion the income according to their discretion ; at the decease of my wife, then I direct the income to be paid to my children then living, and the survivor of them. Upon the discontinuance of the business, or should my brother decline to enter upon the conduct of the business as hereinbefore provided, and, in any event, at the decease of my said brother, then this trust shall be terminated, when I direct and empower my trustees to sell, either at private or public sale, said business, with everything thereto belonging, and divide the proceeds thereof, with all accumulations not distributed, equally between my wife and children who may then be living, and the issue of any deceased child by right of representation; provided, however, if my beneficiaries herein named desire to continue said business on their own account, I direct my trustees to transfer the said business with all its belongings to them as it may then stand."

The third clause of the will was as follows: " I also give, bequeath, and devise unto my aforesaid trustees all my wharf property and privileges at the Willows, on Salem Neck, to hold in trust, as follows: the income from the same to be paid over to my wife while she remains my widow, otherwise to be distributed as hereinbefore provided for the income named in item two, upon her re-marriage. Should my trustees deem it advisable to sell said property, I hereby empower them so to do, either at public or private sale, and the proceeds thereof, principal and interest, paid out to my wife and children in such sums and at such times as the needs of either or all may require."

The fifth clause of the will gave the rest and residue of the estate to the testator's wife and children, " to be divided equally between them."

Henry F. Proctor and George A. Murray, two of the defendants, are the trustees named in said will, have duly qualified as trustees, and have, since the death of the testator, as directed in the will, continued and carried on the grocery and provision business, and, every six months prior to the filing of this bill, have ascertained the net profit of the business and paid one half of the same to Sarah E. Proctor, as directed in the will.

About the time of the filing of the plaintiff's bill, the trustees had ascertained the net profit of the business for the six months then next preceding to be $802, one half the amount of which, namely, $401, the part directed in the will to be paid Sarah E. Proctor, they hold subject to the direction of the court.

The plaintiff, at the time of the hearing, was about nineteen years of age, and had entered into a marriage engagement. Some difficulty having arisen between the defendant Sarah E. Proctor and the affianced husband of the plaintiff, the relations between said Sarah E. and the plaintiff became inharmonious, and, in the month of October, 1883, the plaintiff left her mother at Beverly, where she was then boarding, and went to Malden to live with her aunt, where she still continues to live apart from the other members of the family.

Without determining whether or not the circumstances were such as fully to justify the plaintiff in going away and ceasing to live with the other members of the family, it is found as a fact that the relations between the parties are such that it would be unpleasant and uncomfortable for the plaintiff to live with said Sarah E. and constitute part of her family. The defendant Sarah E. has refused to apply any part of the amount received by her from the trustees to the support of the plaintiff since the plaintiff ceased to live with her, but declares herself willing to contribute to her support, provided she returns and lives as a member of her family.

If, upon these facts, the plaintiff is entitled thereto, either as matter of law or of judicial discretion, the trustees are to be directed hereafter to pay to the plaintiff one third of the one half of the net income of said business directed in the will to be paid to Sarah E. Proctor; otherwise, the bill to be dismissed, or such other decree to be entered as the court shall deem proper.

*H. P. Moulton*, for the plaintiff.

*C. Sewall*, for the defendant, cited *Hadow* v. *Hadow*, 9 Sim. 438; *Jubber* v. *Jubber*, 9 Sim. 503; *Bowden* v. *Laing*, 14 Sim. 113; *Carr* v. *Living*, 28 Beav. 644; *Longmore* v. *Elcum*, 2 Y. & C. Ch. 363; *Thorp* v. *Owen*, 2 Hare, 607; *Chase* v. *Chase*, 2 Allen, 101; *Smith* v. *Wildman*, 37 Conn. 384; 1 Perry on Trusts, § 118.

C. ALLEN, J.  The income from the Produce Exchange Association, which the testator directs to be paid to his wife, " to be for her support and the support of my children," is to be received by her on a trust, and the children have a vested beneficial interest in it.  Looking at other parts of the will, it appears that he gave to her the income from another piece of property, namely, his wharf property and privileges at the Willows on Salem Neck, without mentioning any purpose in relation to the children; which is a significant circumstance, going to show that, in respect to the income from the Produce Exchange Association, he intended a benefit to his children different from what they might incidentally derive from an absolute gift to the mother.  *Loring* v. *Loring*, 100 Mass. 340.  Still more significant are the provisions looking to a possible failure or termination of this particular trust, in case the trustees should decline to assume the carrying on of the business, or should at any time, in their discretion, think it better to wind it up, or in case the testator's brother should die.  In either of these events, which might happen at any time, the business and property are to be sold, and the proceeds thereof, with all the accumulations, divided equally between the wife and children who may then be living, and the issue of any deceased child by right of representation.  In view of these provisions, which throw light upon the meaning of the testator in using the words which provide for the disposition of the income, it is impossible to suppose that he meant to give to her an uncontrolled power or authority over the provision thus made for the children.  See *Chase* v. *Chase*, 2 Allen, 101, and cases cited.

A somewhat more difficult question arises, whether the plaintiff has lost the benefit of this trust by removing to Malden, under the circumstances stated in the report.  There is no doubt that, in many cases, children lose their claim to support, if they

become forisfamiliated, that is, cease to be members of, or to belong to, the establishment contemplated by the testator. Lewin on Trusts, (8th ed.) 139. It is contended on the part of the defendants that the present case falls within this rule. But each case must depend on its own circumstances. There is nothing in the will, or in the facts before the court, to show that the testator contemplated that his family should remain together in a boarding-place in Beverly. He is described in the will as of Salem, and, in the absence of anything to show the contrary, we may assume that he lived there at the time of making his will. It does not appear that, during his life, he maintained his family in a boarding-place. The inference is, that his widow, at the time when the plaintiff left her, was not maintaining an establishment, or family home, such as the testator may fairly be deemed to have contemplated when making his will. There is far less reason for holding children bound to stay with their mother, boarding in a neighboring town, than when the family home is preserved. Besides, in the present case, special facts occurred to make it unpleasant for the plaintiff to remain with her mother. It is not found that this was especially by the plaintiff's fault. Whether fully justified or not, it may at least be said that she had some reason for leaving her mother's boarding-place. Under all these circumstances, the plaintiff should not be held to have lost her claim for support, by reason of forisfamiliation. Ordinarily, one who is to be supported under a provision for that purpose in a will or deed is not limited to live at a particular place. *Parker* v. *Parker*, 126 Mass. 433, and cases cited. There is nothing in the will which expresses any clear intention to make the provision for the daughters dependent on their continuing to live with their mother. There is no suggestion or hint in the language of the will that the testator expects them all to live together. When he speaks of his family, it is merely to show what persons are intended. On the whole, looking at the whole will in the light of all the facts before us, and of the decided cases, we are of opinion that it is right to allow to the plaintiff one third of that portion of the income from the business of the Produce Exchange Association which the testator directed to be paid to his wife.

*Decree accordingly.*