ELLA A. JACKMAN & others *vs.* BERTHA C. NELSON.

Suffolk.    March 22, 23, 1888. — June 21, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Beneficiary Association — Widows and Orphans' Fund — Children.*

A certificate of membership in a beneficiary association provided for the payment of a certain sum out of a widows and orphans' fund to the wife of a member at his death, "for the benefit of herself and the children of said member." *Held,* that the widow and such children were entitled to share equally in such sum, although one child had left her father's house prior to his death and was no · longer dependent upon him.

BILL IN EQUITY, by the daughters of Horace Nelson against his widow, to compel the distribution of a fund of $3,000, the proceeds of a certificate of membership issued to him in the Royal Arcanum. Writ dated February 15, 1886. Hearing in the Superior Court, before *Hammond*, J., who reported the case for the determination of this court, such decree to be entered as law and justice might require, in substance as follows.

Horace Nelson, on July 3, 1879, became a member of the Royal Arcanum, a beneficiary association, whose certificate of incorporation recited that it was formed " for the purpose of fraternal union, aid to its members and their dependants, the

education socially, morally, and intellectually of its members, assisting the widows and orphans of deceased members, establishing a fund for the relief of sick and distressed members, and one for a widows and orphans' benefit fund." The constitution of the society set forth, among other objects of the order, the following: " 2d. To give all moral and material aid in its power to its members and those dependent upon them.  3d. To educate its members socially, morally, and intellectually; also to assist the widows and orphans of deceased members. . . . 5th. To establish a widows and orphans' benefit fund, from which, on the satisfactory evidence of the death of a member of the order, who has complied with all its lawful requirements, a sum not exceeding three thousand dollars shall be paid to his family, or those dependent on him, as he may direct."

The by-laws of the society contained the following provisions: " Sect. 2. (1.) Each applicant shall enter upon his application the name or names and relationship or dependence of the members of his family, or those dependent upon him, to whom he desires his benefit paid, and the same shall be entered in the benefit certificate according to said direction. . . . (3.) When no relation by marriage or consanguinity is shown in the direction for payment of a benefit, proof of dependency must be furnished satisfactory to the supreme secretary before the benefit certificate is issued.  Sect. 3. (1.) A member may, at any time when in good standing, surrender his benefit certificate, and a new certificate shall thereafter be issued, payable to such beneficiary or beneficiaries as such member may direct, in accordance with the laws of the order."

The certificate of membership in the society was dated July 3, 1879, and recited that it was " issued to Horace Nelson, a member of Agassiz Council, No. 45, Royal Arcanum, located at North Cambridge, Mass., upon evidence received from said council that he is a contributor to the widows and orphans' benefit fund of this order," and that the society promised and bound itself to pay out of that fund to " Bertha C. Nelson (wife), for the benefit of herself and the children of said member, a sum not exceeding three thousand dollars, in accordance with and under the provisions of the laws governing said fund."

Nelson continued to be a member in good standing until he

died, in August, 1885, leaving a widow, the defendant, and three daughters, of whom the plaintiffs Ella A. Jackman and Jennie L. Nelson were by a former wife, and the plaintiff Carrie B. Nelson was by the defendant. The first-named plaintiff was about seventeen years old when Nelson became a member of the society, and was married at the age of nineteen, at which time she left her father's house, and had been supported by her husband ever since. Jennie L. Nelson, a minor, lived with her father until his death, but since that time had lived with her sister Ella A. Jackman, and had been supported by the husband of the latter. Carrie B. Nelson, also a minor, always lived with her father, and since his death had lived with her mother and been supported by her. The society paid to the defendant, at the death of her husband, the sum of $3,000, and the first-named plaintiff had demanded of her both her own share, and, as guardian, that of her sister; but the defendant had refused to pay anything to her, claiming the right to spend it at her discretion.

*A. Wellington*, for the plaintiffs.

*W. H. Powers*, for the defendant.

C. ALLEN, J. One of the purposes of the Royal Arcanum society, as expressed in the certificate of incorporation, was " assisting the widows and orphans of deceased members," and establishing a fund for " a widows and orphans' benefit fund." The constitution specified, as an object of the society, " to assist the widows and orphans of deceased members," and " to establish a widows and orphans' benefit fund, from which ... . a sum not exceeding three thousand dollars shall be paid to his family, or those dependent on him, as he may direct." In the by-laws it was provided that " Each applicant shall enter upon his application the name or names and relationship or dependence of the members of his family, or those dependent upon him, to whom he desires his benefit paid, and the same shall be entered in the benefit certificate according to said direction." Also, " When no relation by marriage or consanguinity is shown in the direction for payment of a benefit, proof of dependency must be furnished," etc. From these various provisions it appears that the word " orphans," as used by the society, means children of deceased members, whether their mother is living or not, and

that it is within the plan of the society to assist such children, whether they were dependent upon the member or not. This line of distinction is very carefully shown, both in the provision of the constitution and in the by-laws above copied.

It remains to consider the nature of the interest acquired by Mrs. Nelson in the money paid to her by the society. The certificate of Nelson's membership recites that he was a contributor to the widows and orphans' benefit fund, and the payment upon his death was to be made out of that fund; and it was payable to the wife, "for the benefit of herself and the children of said member." At the time when he became a member of the society he had two children, both of whom were by a former wife; and at his death he left these two children, who are plaintiffs, and one other child, the date of whose birth does not appear, by the present Mrs. Nelson. The eldest child was about seventeen when he joined the society and took his certificate, and was twenty-three when he died, she having been married four years before his death, and having lived with her husband after her marriage. Nelson had a right, under the constitution and by-laws of the society, to change the designation of beneficiaries under his certificate, but he did not do so.

In the first place, it is plain that Mrs. Nelson is not entitled to hold this money absolutely. Even under similar language in a will, the children would have a right which they could enforce in a court of equity. *Proctor* v. *Proctor*, 141 Mass. 165. *Loring* v. *Loring*, 100 Mass. 340. *Williams* v. *Bradley*, 3 Allen, 270, 281, 285. *Raikes* v. *Ward*, 1 Hare, 445. *Crockett* v. *Crockett*, 1 Hare, 451; *S. C.* on appeal, 2 Phil. 553. *In re Harris*, 7 Exch. 344.

There is nothing to show that it was intended that the sums to be devoted to the benefit of the children should be, in the first instance, determined by her in her discretion, subject to accountability. There are no words saying that it shall be at her disposal for their benefit, or that she is to maintain or support them. In the purposes of the Royal Arcanum, children are placed on an equality with widows. There is nothing showing any intention to have a permanent or continued trust. The words of the certificate are simple. She is to take the money "for the benefit of herself and the children." In many of the

cases under wills, there was some thing to show some discretion reposed in the primary donee, or some duty of support, or some power of disposal; but here there is nothing of the kind. Several of the cases under wills tend strongly to show that, under language like this, the widow and the children would be entitled to share equally. *Jones* v. *Foote*, 137 Mass. 543. *Loring* v. *Loring*, 100 Mass. 340. *Proctor* v. *Proctor*, 141 Mass. 165. *Jubber* v. *Jubber*, 9 Sim. 503.

In the present case, in view of the circumstances, and of the bald language used in the certificate, we cannot go behind the plain words, and are of opinion that Mrs. Nelson and the three children are each entitled to one fourth part of the money. The circumstance that Mrs. Jackman was married, and had left her father's house, does not cut her off. It would not necessarily do so under a devise. *Proctor* v. *Proctor, ubi supra.* Under this certificate, her rights do not at all depend upon the question whether she was forisfamiliated or not.

<div align="right">

*Decree for the plaintiffs.*