# 𝕮𝖆𝖘𝖊𝖘

# FOURTH DEPARTMENT

AT

# GENERAL TERM,

## 𝕵𝖚𝖑𝖞, 1894.

EMMA L. HIRSH and Another, by their Guardian ad Litem, JOHN HIRSH, and Another, Respondents, v. CLARA AUER, Appellant.

*Change of the beneficiary named in a life insurance policy — the beneficiary may, by a parol agreement, impress the proceeds of such policy with a trust — hearsay evidence.*

When an assured has possession of his certificate of insurance, and it is within his power, within the stipulations contained therein, without the consent of the beneficiary named in such policy, to return the certificate to the insurer and obtain from it another certificate naming another beneficiary, such first beneficiary has no vested interest in the certificate until the death of the insured, and, prior to his death, she has merely a revocable or determinable interest in it.

The beneficiary has power prior to the death of the assured, by agreement, to create an equity or a trust, which will attach to the money realized from the insurance certificate the moment that she becomes the recipient of it; such trust is impressed upon the money, and the agreement will control the action of the beneficiary in respect thereto until the object of such agreement be accomplished.

In an action brought by the heirs at law and next of kin of a decedent, against the person named as the beneficiary in a policy of insurance upon such decedent's life, to obtain an adjudication that such beneficiary holds the moneys received by her on such insurance policy as a trustee for the benefit of the plaintiffs, the evidence of what one of the plaintiffs stated, to the defendant, that the deceased had told her, if relevant, is competent evidence, but does not prove or tend to prove that the deceased said what such plaintiff stated to the defendant he had said.

APPEAL by the defendant, Clara Auer, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Onondaga on the 5th day of October,

1893, upon the decision of the court rendered after a trial at the Onondaga Circuit before the court without a jury.

The action was brought against Mrs. Clara Auer, who has died, and whose husband, as executor, has been substituted as a party defendant since the appeal was taken. Judgment was entered for the plaintiffs and an appeal was taken therefrom.

The trial court found that on the 20th day of January, 1884, John Hirsh became a member of the society known as the Ancient Order of United Workmen, receiving therefrom a certificate of insurance in which his then wife, Mary Ann Hirsh, was named as the beneficiary, entitling her to receive the sum of $2,000 upon his death. In July, 1887, his wife, Mary Ann, died, and in the fall of that year, in pursuance of the permission found in the certificate, he surrendered the same to the company, and on the 11th day of October, 1887, received from the order a new certificate bearing the number of 24703 (being the same number as the first certificate) in which Clara Auer, his sister, the defendant in this action, is designated as the beneficiary. After her death he continued to reside at his home with the plaintiffs, his three daughters, who kept his house as their mother had before her death, down to the 24th of February, 1892, when he died intestate, leaving no property with which to defray his funeral expenses, or to pay for a monument, or to provide for the future care and support of his children, "save and except such means as should be derived from his policy of insurance from the Ancient Order of United Workmen." In June, 1892, Clara Auer received the sum of $2,000 from the order, "the full value of the insurance policy or certificate number 24703 upon the life of the said John Hirsh." Prior to the commencement of this action the plaintiffs made a demand upon her, which she refused to comply with, for the payment to them of $1,500 of the money so received; as matter of law the court found: "That the plaintiffs are entitled to judgment in this action for the sum of $1,500 and interest from June 10, 1892, together with the costs of this action." Defendant took exceptions to several of the findings of fact and conclusions of law, and made several requests to find matters of fact and propositions of law, which were denied, and exceptions were taken thereto.

*Fuller & Glen,* for the appellant.

*Stone, Gannon & Petit,* for the respondents.

HARDIN, P. J.:

Having critically read and carefully considered all the evidence found in the appeal book upon the questions of fact arising during the trial, we are of the opinion that the findings of the trial judge are supported by evidence and are in accordance with the weight of the evidence, notwithstanding the testimony offered by the plaintiffs upon some of the vital issues of fact is contradicted by the testimony offered by the defendant in that regard. From the findings thus made it appears that at the time the father of the plaintiffs obtained the second certificate and made the same payable to his sister, Clara Auer, the defendant, the same was made payable to her " pursuant to an express agreement and understanding between the said John Hirsh and his sister, the said defendant; the purport of this agreement and understanding was that she, the said defendant, should, on the death of the said John Hirsh, receive the proceeds of that insurance certificate, to wit, two thousand dollars, and from these proceeds pay his funeral expenses, and pay for a monument, using for such purposes as much money as should be necessary, not exceeding five hundred ($500) dollars. The remainder of such proceeds was, according to the same agreement, to be paid by the defendant upon receipt thereof by her to the three children, the plaintiffs, share and share alike." The father paid the dues and assessments to the order down to the time of his death, except one, which was paid shortly thereafter by his children. His sister, the defendant, paid no premiums to the order nor did she in any way advance any money or valuable thing to the order or to her brother, the insured. At the time of his death all the children were under age, and he left no other provision or property for their comfort and benefit. He retained possession of the certificate; the same was found among his papers a few days after his death, and two of the plaintiffs went to the house of the defendant, carrying the certificate, and held a conversation with her in respect thereto, in which they severally alluded to the understanding they had derived from their father in respect to the moneys that were to be received upon the certificate, and they testify that the defendant

assented to the understanding which they related to have had, and that she admitted that the agreement was substantially as is found in the finding of fact which has been quoted above. It is insisted in behalf of the appellant that "no trust could be impressed upon the proceeds of the insurance in this case by an agreement between the insured and the beneficiary." In support of that position it is suggested that there was no property *in esse* upon which a trust could fasten, and that " the right of the insured in and to the fund created is not a property right, but a right to provide a fund to be disposed of by the statute, or by the naked power of designation." In considering the position taken it must be borne in mind that the insured procured the certificate to be issued upon his life, and furnished all the money for the payment of the dues and assessments thereon, keeping the same in life ; that he kept possession of the certificate, and that it would be reasonable and natural for a father to make provision for his infant daughters instead of for his adult married sister, who had a settlement in life ; and the circumstance that his children were under age, and, therefore, not in a situation to receive and disburse the moneys as conveniently and discreetly as a person who had arrived at years of maturity. By the terms of the certificate he was authorized to change the appointee or, beneficiary any time during his life, and as he had kept possession of the certificate it is not improbable that his intention was to make such change in the event that he survived until his children reached years of majority. Having possession of the certificate with the stipulations contained therein, it was within his power, without the consent of his sister, to return the certificate to the order and obtain therefrom another certificate naming another beneficiary. (*Luhrs* v. *Supreme Lodge, etc.*, 27 N. Y. St. Repr. 88 ; *Sabin* v. *Grand Lodge, etc.*, 28 id. 45 ; S. C. affd., sub. nom., *Sabin* v. *Phinney*, 134 N. Y. 423.) According to the doctrine of the last case cited, the beneficiary had no vested interest in the certificate until his death; prior thereto she had a revocable or determinable interest in it. " A contingent interest, and one which may or may not become absolute." (*Union Central Life Ins. Co.* v. *Woods*, 37 N. E. Rep. 182.) Although the defendant did not have a present actual ownership of the moneys to be received (and which were afterwards received) upon the certificate at the time she

entered into the agreement to receive the same and disburse it according to the agreement found, yet we are of the opinion that the agreement did create an equity or a trust which attached to the money the moment she became the recipient of it, and that the trust is impressed upon the money and that the agreement should control her action in respect thereto until the object of the agreement was accomplished. (*Silvey* v. *Hodgdon*, 52 Cal. 363; *Jackman* v. *Nelson*, 17 N. E. Rep. 529; 147 Mass. 300; *Catland Executors* v. *Hoyt*, 5 Atl. Rep. 775; 78 Maine, 355; *Field* v. *The Mayor*, 6 N. Y. 187; *Hall* v *The City of Buffalo*, 1 Keyes, 193.)

In *Stover* v. *Eycleshimer* (3 Keyes, 620) it was held that "assignments of contingent interests and expectations, and of things which have no present actual existence, but rest in possibility only," will be upheld if they are entered into fairly and are not against public policy.

In *Day* v. *Roth* (18 N. Y. 453) it was held that a declaration or agreement, however informal, evincing an intention merely to create a trust, will be upheld.

In *Neilly* v. *Neilly* (23 Hun, 615) it was said: "It is well settled that a formal or even a written agreement is not necessary to create a trust in money or personal estate."

In *Barry* v. *Lambert* (98 N. Y. 306) Chief Judge RUGER said: "It is well settled that a trust in personal property may be created by parol, and that no particular form of words is necessary for its creation, but the words or acts relied on to effect that object should be unequivocal and plainly imply that the party making them intended to divest himself of his interest in the property, and to hold it thereafter for the use and benefit of another. This is all that is required to create a trust even as against the owner, and although he continues to retain possession of the property devoted to the trust. But when the legal title is in one party and the equitable ownership in another, it is only necessary for those facts to appear in order to constitute the holder a trustee for the benefit of the other."

In *Gilman* v. *McArdle* (99 N. Y. 451) it was again held that a trust as to personal property may be created without writing; and in the same case it is observed that a trust may be created although it is to be executed after the death of the creator.

The doctrine is again stated in *Matter of Carpenter* (131 N. Y. 86) and cases referred to.

We cannot assent to the contention of the appellant that the acts, declarations or evidence of the admissions of the defendant in respect to the agreement were inadmissible or that they tended " to vary or contradict the terms of the certificate itself, and are insufficient to raise a trust in respect to the proceeds of said certificate." Doubtless, as between the order and the defendant, the certificate was the only evidence of agreement on the part of the order, and, doubtless, she, in view of that language, was entitled to receive, as she did, the moneys from the order in liquidation of the certificate. However, when she received the money, having made the agreement to hold it for the purposes mentioned in the agreement, a trust was fastened upon the money which she was in duty bound to carry out. In the *Carpenter Case (supra)* there were formal written assignments to Pierce of the notes and securities, who took the legal title thereto, and it was said in respect thereto : " The petitioner took an equitable interest only which she could enforce through the medium of a trust. Pierce was not only vested with the legal title to the original notes, but he was to take any new notes in his name. The rights of the petitioner were those of a beneficiary of a trust. There can be no doubt that a trust may be created to collect and pay over the proceeds of notes to a person designated by the creator of the trust."

Appellant's learned counsel calls our attention to *Steere* v. *Steere* (5 Johns. Ch. 1), which related to real estate, and while we may agree with the language of the chancellor wherein he says : " But intentions and intimations of that kind cannot well be considered as amounting to a clear and absolute trust, which a court of equity will recognize and enforce, unless the declaration of it be quite positive and free from all ambiguity ; " we are unable to see anything in the case which persuasively or conclusively supports the contention of the appellant.

Nor do we think the case of *Dean* v. *Dean* (6 Conn. 285) aids the contention of the appellant. In that case an absolute title had been conveyed, and a bill was filed to enforce a parol agreement in respect thereto, and it was held that the parol testimony was inadequate to support the bill.

(2) When one of the plaintiffs was upon the stand her attention was called to a conversation which she had with the defendant, her aunt, on the occasion of carrying the policy to her house on the second day of March. The questions calling for that conversation were objected to, and one of the grounds stated was "That a personal transaction or communication with the deceased by this witness can't be proved by a conversation had between this witness and the defendant." Thereupon the court observed: "What she says that the deceased stated to her is perfectly competent; but that don't prove that the deceased said it. The conversation between the witnesses and the defendant is competent. I will give you an exception." We think the ruling is in accordance with the doctrine stated in *Hier* v. *Grant* (47 N. Y. 278).

We have looked at the other exceptions in the case and are of the opinion that they do not present any error which requires us to disturb the conclusion reached at the Circuit. The trial judge delivered an extensive opinion fully and fairly commenting upon the evidence, giving cogent reasons for his conclusion upon the evidence, and stated several authorities which sustain the conclusion of law announced; and upon them, as well as upon the views already expressed, we are of the opinion that the decision made at the Circuit should be allowed to stand.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs.