## ALLEN *v.* McGEE ET AL.

[No. 19,780.   Filed February 19, 1902.   Rehearing denied May 2, 1902.]

TRUSTS.—*Wills.*—Testatrix devised certain real estate to her three sons and their wives, jointly, to be held by them as a jointure "for the use, benefit and support of said legatees and their children now in life, and such as may hereafter be born to them, or each of them." *Held,* that a trust was thereby created in favor of the grandchildren, which is capable of being enforced by the court.

From Monroe Circuit Court; *W. H. Martin,* Judge.

Suit by William J. Allen against Norman McGee and others to quiet title. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*T. J. Louden, J. H. Louden, R. W. Miers* and *E. Corr,* for appellant.

*I. C. Batman,* for appellees.

GILLETT, J.—The above cause is before this court by reason of an order of transfer made by it, under §10 Acts 1901, p. 565, §1337j Burns 1901, §6565f Horner 1901.

The appellant brought this suit to quiet his title to a part of a lot in the city of Bloomington. He claims title under a deed of date September 24, 1896, executed by Benjamin A. McGee, Edward L. McGee, and Elbert B. McGee, and their respective wives. Some questions are sought to be presented by the appellant as to the correctness of the rulings of the trial court upon demurrers filed, respectively, to the second paragraph of answer, and to the amended second paragraph of reply; but, as the general denial was filed to the complaint, it is evident that the rulings so complained of cannot, even if erroneous, be made the basis of available error. The issues were in such form as to permit the introduction of all competent evidence, pro and con, as

VOL. 158—30

to whether appellant was or was not entitled to a decree quieting his title. After hearing the evidence, the trial court entered a finding and decree in favor of the appellees, who are the children of the grantors in said deed. The evidence is in the record, and in the manner pointed out by law, the appellant challenges the correctness of said finding.

It appears from the evidence, in addition to the facts already incidentally stated in the course of this opinion, that one Verlinda McGee, the mother of said male grantors, died, in January, 1896, testate, the owner in fee of said lot, together with other real estate, and that her will, which was introduced in evidence, was duly admitted to probate on the 17th day of January, 1896. So far as material here, said will is as follows: "Item Two. I will and bequeath all the rest of my property, real and personal, to my three sons and their wives, jointly, and to be held by them as a jointure, namely, Benjamin A. McGee and wife, Alice; Edward L. McGee and wife, Lunetta; Elbert B. McGee and wife, Julia; for the use, benefit and support of said legatees and their children now in life, and such as may hereafter be borned to them, or each of them, to be equally divided between them, share and share alike therein, with the request that they hold the same for their use and benefit. Item Three. I further will and direct that, in the division of the real estate as above, that said sons and their wives exchange and divide by making deeds, as a jointure to each other as husband and wife as aforesaid, wherever the same can be done without injury to the parties. Item Four. I will and direct that the storeroom, and rooms over the same, situated just south of the public square in the city of Bloomington, Indiana, shall never be used, directly or indirectly, for a drug store, billiard hall, nor shall any gaming apparatus be used or kept in any of the rooms or cellar thereof, for any purpose whatever; and, in the event of the violation of the provisions of this item by my legatees, I will and direct that said building and lot be sold at the

best price possible, and that the proceeds thereof be equally divided among my grandchildren now in life and those that shall hereafter be borned, to share and share alike therein. Item Five. I give and bequeath to my three daughters-in-law all my household goods, to be by them divided and disposed of as they deem best."

The question presented in this case is whether the above will creates a trust in the grandchildren of the testatrix. It is argued by appellant's counsel that the words of the will, "for the use, benefit and support of said legatees and their children now in life, and such as may hereafter be borned [*sic*] to them, or each of them", are merely indicative of the reason that prompted the testatrix to devise and bequeath her real and personal estate to her sons and their wives; in other words, counsel claim that the language last quoted is merely precatory,—an implied recommendation that a certain use be made of the property.

Courts of equity have gone great lengths in implying trusts from words that were probably only intended as recommendatory. This tendency has been somewhat checked by the later authorities, but no consideration of mere expediency can be influential with a court in construing a will, where the testator has manifested his intention to create an enforceable trust. As said by Mr. Justice Matthews, in *Colton* v. *Colton,* 127 U. S. 300, 312, 8 Sup. Ct. 1164, 32 L. Ed. 138 : "If there be a trust sufficiently expressed and capable of enforcement by a court of equity, it does not disparage, much less defeat it, to call it 'precatory'. The question of its existence, after all, depends upon the intention of the testator as expressed by the words he has used, according to their natural meaning, modified only by the context and the situation and circumstances of the testator when he used them."

In the will under consideration, the testatrix states that the devise to her three sons and their wives is "for the use, benefit and support of said legatees and their children."

She employs apt words to create an equitable estate in her grandchildren. "An use is where a man has anything to the use of another, upon confidence that the other shall take the profits; he who has the profits has an use." *Burgess* v. *Wheate*, 1 Wm. Blacks. 123, 180. A provision in a will directing that a particular parcel of property, or a certain fund, shall be held in a particular manner, for the benefit of another, will ordinarily be sufficient to create a trust.

The cases which deal with the question as to when a trust will or will not be created are almost as "thick as autumnal leaves that strow the brooks in Vallombrosa", but, as they turn largely upon the words of particular instruments, it would extend this opinion beyond proper limits to consider the cases generally. The following quotation from a well-known writer on trusts fairly manifests the drift of the authorities, as applied to the question in hand: "There is another variety of cases, where trusts are sometimes implied from the words used, though an express trust is not declared, as where property is given to a parent or other person standing in the relation of parent, and some directions or expressions are used in regard to the maintenance of his family or children. The question to be decided in this class of cases is, as in the others, did the settlor intend to create a trust and impose an obligation, or did he merely state incidentally the motive which led to an absolute gift? In the following cases a trust was clearly implied by the court; where property was given that 'he may dispose thereof for the benefit of himself and children', or 'for his own use and benefit, and the maintenance and education of his children', 'for the maintenance of himself and family', 'for the purpose of raising, clothing and educating' the children of the legatee, 'at the disposal of the legatee for herself and her children', or 'all overplus towards her support and her family', or 'to A for the educating and advancing in life of her children.' Where a testator gave to his wife all his personal property, for her benefit and support and the benefit of his

son, it was held to be a trust in the widow, the income of one-half for her own benefit and of the other half for. the support of her son." 1 Perry on Trusts, (5th ed.) §117.

A mere declaration of motive, as a grant to A that he may maintain his children, will not create a trust (*Bryan* v. *Howland,* 98 Ill. 625) ; but in the case at bar the statement of the will is that the devise to the testatrix's sons and their wives is "for the use, benefit and support of said legatees and their children."

In the case of *Loring* v. *Loring,* 100 Mass. 340, we find the following language: "To give property to one person, for the purpose of another, is certainly sufficient to show that a trust is intended in favor of the latter. The language is not 'to enable her to support' or 'that she may support' the son, but 'for her benefit and support and support of my son.' " We also find in the case last cited the following reasoning that is applicable here: "Nor is the support confined to the son's minority, while he would remain under his mother's care. It is unlimited as to time in relation to him as much as to her."

It is our conclusion that a trust was intended by the testatrix, but it remains to determine whether the trust is so far practicable as to be capable of being enforced. A trust will not be executed if the precise nature of it, and the particular persons who are to take as *cestuis que trust,* and the proportions in which they are to take, cannot be ascertained. 1 Perry on Trusts §116. We perceive no serious difficulty on this account. We think that the interest of the testatrix's grandchildren is not limited to a mere right of support, but is an actual *jus in re.* In our opinion, each grandchild was entitled under the will to at least a share equal to that that either of his parents would take by virtue of the devise. As to whether the parents each take a share, or whether they together take one share, we do not determine. If other children are born to the parents of a particular branch, the estate will open up to let in such new born children. See,

as relating to one or more of these propositions, *Loring* v. *Loring, supra; McArthur* v. *Scott,* 113 U. S. 340, 5 Sup. Ct. 652, 28 L. Ed. 1015. Whether, as a child becomes of age, the trust becomes a dry trust as to him, that the statute will execute, is a question that we suggest, but do not determine. See §3403 Burns 1901, §2981 Horner 1901. Our conclusion is that this is not a case where the effort to create a trust works its own destruction, by vesting an uncontrollable discretion in the trustee, but that it is a case where the court can determine the rights of the beneficiaries, and set bounds upon the authority of the trustees.

Counsel for appellant contend that we should look to the four corners of the will for its meaning, and we agree with them that it is the court's duty to examine the whole instrument. After doing so, however, we have reached the conclusion indicated above. The construction that the court puts upon the will makes it a consistent whole. The plan of the testatrix, relative to her real estate, was to vest a one-third interest in each son and his wife, to hold "for the use, benefit, and support of" said husband and wife and their children. To accomplish partition, she gave her trustees power to divide the real estate, and she further provided that the divided real estate should be held by each husband and wife, in trust, nevertheless, as indicated, as tenants by entireties. We can conceive of no objection to this construction, when looked at from the standpoint as to whether we have ascertained the testatrix's desire. It might be urged that a husband and wife could not be trustees for themselves, but, while this is true, the only result would be that as to their interests they would hold the united legal and equitable estates. We have found a number of cases of this kind in the books, where the feature of the trust that related to a child or children was enforced. See notes to 1 Perry on Trusts, §117, *supra*. On the other hand, to adopt the construction contended for by appellant's counsel would require the court absolutely to discard the words "for the use,

benefit and support of said legatees and their children." We perceive no reason for so doing.

The grandchildren of the testatrix, who answered by guardian ad litem, had an equitable interest in the land, and therefore the trial court properly found against appellant on his complaint to quiet title.

The judgment of the trial court is affirmed.