**84**                    Stuart *v.* Abbey.

Phœbe A. Stuart, Plaintiff, *v.* Myrtle A. Abbey et al.,
                        Defendants.

(County Court, Chautauqua County, January, 1909.)

Contracts — Interpretation   of   contracts — Particular   agreements —
    Contract for support of third person.

> Where, in a deed of conveyance of land given in consideration of
> the maintenance and support of the grantor, no place is specified
> where she is to be maintained and supported, she may live where
> she pleases provided her expenditures are reasonable.
>
> Where plaintiff conveyed certain premises to her niece, taking
> back a mortgage for $2,000 with an accompanying bond that de-
> fendant should furnish the plaintiff good and comfortable lodging,
> good and wholesome food, all necessary and suitable clothing and
> defray the expenses of all things conducive to her comfort, health
> and happiness during her natural life and at her death pay all ex-
> penses of her funeral, and, upon a claim that the relations thus
> created were not pleasant and a proper consideration was not
> shown the plaintiff by the defendant and her family, she left de-
> fendant's home and, after making arrangements in the vicinity of
> her former home for her board and care at the rate of five dollars
> a week, made a demand upon defendant for money to pay such
> amount together with certain clothing, nursing and doctor's bills
> during an illness and brings an action to foreclose the mortgage for
> the full amount, she is entitled, under section 1915 of the Code of
> Civil Procedure, to recover the amount of the bills for which de-
> mand of payment had been made and to bring successive actions
> for similar bills.

Action to foreclose a mortgage.

Freeman L. Morris, for plaintiff.

Gibbs & Williamson, for defendant Myrtle A. Abbey.

Ottaway, J.   The plaintiff brings this action to foreclose
a mortgage upon a farm situate in the town of Ellery, Chau-
tauqua county, N. Y., and a house and lot situate in the city
of Jamestown, Chautauqua county, N. Y.   The mortgage in
question was executed contemporaneously with and to secure

the payment of a bond in the penalty of $4,000, conditioned that Myrtle A. Abbey, the defendant, should furnish the plaintiff, Phœbe A. Stuart, good and comfortable lodging, good and wholesome food, all necessary and suitable clothing and defray the expenses of all things conducive to her comfort, health and happiness during her natural life, and at her death to pay all expenses of her funeral. Said mortgage provided for the payment of $2,000 according to the conditions of said bond.

The plaintiff is seventy-eight years of age and is an aunt of the defendant Myrtle A. Abbey. The husband of the plaintiff died a short time prior to the execution of the bond and mortgage hereinbefore mentioned. At the time of the execution of the bond and mortgage by the defendant Myrtle A. Abbey, the plaintiff executed a deed of the premises therein described to Myrtle A. Abbey. Pursuant to the arrangement thus consummated, the plaintiff left her home in Jamestown and went to live with the defendant upon a farm in the town of Ripley, Chautauqua county, N. Y. No claim is made in this case that, during her stay with the defendant, proper food, lodging and clothing were not furnished by the defendant. It is claimed, however, that the relations created were not pleasant and that proper consideration was not shown the plaintiff by the defendant and her family. The environment not being satisfactory, the plaintiff left the house of the defendant and, after visiting relatives, returned to the vicinity of her former home and made arrangements for her board and care at the rate of five dollars per week. After making this arrangement she made a demand upon the defendant for money to defray this amount, together with certain sums for doctor's bills, clothing and nursing during the time that she was ill. The amounts demanded were reasonable.

The defendant declined to pay these amounts, insisting that the lodging, clothing, food and care of the plaintiff were to be supplied in her own home and offering to meet these amounts if the plaintiff would return to the home of the defendant. The plaintiff commenced this action, claiming that, by reason of the default of the defendant in not acced-

ing to the demand of the plaintiff, the whole sum of $2,000 had become due and payable and asked that the property conveyed might be sold and out of the proceeds of sale the sum of $2,000 and interest be paid.

Prior to the enactment of the Code of Civil Procedure, it was held that, upon bonds conditioned for the payment of money, the plaintiff could not recover anything under the penalty beyond the conditions. Treadwell v. McKeel, 2 Johns. 340.

Section 1915 of the Code of Civil Procedure provides: "A bond in a penal sum, executed within or without the State, and containing a condition to the effect, that it is to be void, upon performance of any act, has the same effect, for the purpose of maintaining an action or special proceeding, or two or more successive actions or special proceedings thereupon, as if it contained a covenant to pay the sum, or to perform the act, specified in the condition thereof."

Under the bond executed by the defendant, the plaintiff could recover damages, and only such damages, as the proof disclosed the plaintiff had suffered by reason of the violation of the conditions mentioned in the bond.

The courts, in cases of this character, have uniformly held that the grantor, where no place is specified where he is to be maintained and supported, may, as a general rule, live where he pleases, provided his choice does not involve needless expense. Empie v. Empie, 35 App. Div. 51; McArthur v. Gordon, 126 N. Y. 610; Wilder v. Whitmore, 15 Mass. 262; Proctor v. Proctor, 141 Mass. 165; Thayer v. Richards, 19 Pick. 398.

This is a wise and humane construction by the courts of contracts of this character. These arrangements are usually made by elderly people involving the accumulations of a lifetime. It is one of the painful consequences of extreme old age that it ceases to excite interest and is liable to be left solitary and neglected. The law has thrown this wholesome protection around the defenseless.

Proof was offered by the defendant tending to show that the plaintiff could be maintained at her home at an expense less than the amount claimed by the plaintiff. The word

"needless," as used by the court, does not necessarily mean that the grantor is obliged to live within the amount for which the grantee is able to support the grantor. It means that the expenditures shall be reasonable. In this case the plaintiff was entitled to receive from the defendant under her demand the sum of five dollars per week, also the sum of thirteen dollars for nursing and ten dollars doctor's bill, amounting in all to one hundred and ten dollars and fifty cents.

Findings may be prepared in accordance with this opinion, the same to be served upon the defendant's attorneys and twenty days given the defendant in which to pay the amount indicated, together with the costs of this action. In case of default in payment of said sum within twenty days, then, and in that case, the usual judgment in foreclosure may be entered.

Judgment accordingly.