## THE COVENANT MUTUAL BENEFIT ASSOCIATION

### *v.*

## LAURA HOFFMAN *et al.*

*Filed at Mt. Vernon September 27, 1884.*

110   603
33a  184
110      603
94a  [1]657
110      603
191  [2]508
110      603
110a [3]660

1.   LIFE INSURANCE—*certificate construed, as to beneficiaries.*   A certificate of membership in a benevolent association, in the nature of a policy of life insurance, provided, if certain conditions were observed and performed, for the payment of the sum of $5000 on the death of the holder, "to be paid as a benefit to his wife, L. H., and children, equally." The holder, at his death, left his wife and five children, one of whom died after suit brought upon the policy in the name of all, leaving his mother and four brothers and sisters as his only heirs, and the cause proceeded to judgment in the names of the widow and remaining children, who recovered judgment for the full $5000: *Held,* that the widow and remaining four children were entitled to the same sum as though she and all the children were suing, and that the judgment was not for too much.

2.   Where a certificate in the nature of a life policy of insurance is made payable to the wife of the holder, by name, and his children, equally, upon evidence of his death, "or in the event of their prior death, to the legal heirs or devisees of the holder," the word "children" will designate a class of persons, and those living at the time of the trial of an action on the certificate, together with the wife, will be entitled to recover the whole amount; and a correct construction of the latter clause is, in case of the prior death of any one of the class designated to take the benefit, the heirs of the holder or the assured, who, in this case, were the surviving brothers and sisters and the mother, shall take the share of the deceased party.

3.   EVIDENCE—*proof of death of the assured, as evidence of what disease he died.*   A benefit certificate issued to a member of an association had a number of conditions annexed from which the benefit was non-payable,—such as, if the member's death was by reason of self-destruction, or other acts named. The proofs of his death stated that he died from pneumonia. On the trial of an action brought by the beneficiaries, this proof was introduced in evidence, and the defendant asked the court to instruct the jury that the proofs of death offered were not evidence of what disease the member may have died, which the court refused to do: *Held,* that the proofs of death were proper evidence, although containing proof of the disease of which he died, and that it was not error to refuse the instruction in the form asked; and that had the court been asked to instruct the jury that the proofs of death were no evidence on the question whether the deceased had disease of the lungs or other diseases at the time he made the application, it would no doubt have so instructed.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Messrs. McKENZIE & CALKINS, for the appellant:

There was a non-joinder of parties plaintiff, as shown both by the pleadings and proof. On the trial, proof being made that Peter Hoffman, one of the five children, had died since the suit was brought, the plaintiffs amended their declaration by striking out the name of Peter Hoffman. The five remaining plaintiffs had no cause of action, the contract being entire and indivisible.

In actions *ex contractu*, having too many or too few plaintiffs is fatal to a recovery. *Snell* v. *Deland*, 43 Ill. 335; *Murphy* v. *Orr*, 32 id. 489; 1 Chitty's Pleading, 20.

The certificate sued on did not make the wife and children partners. It provided that equal portions of $5000 should be paid to each. The benefits provided by a life insurance policy are in the nature of a testamentary devise, and in construing it as to the rights of the beneficiaries, the court should, as nearly as possible, treat it as a will. *Continental Life Ins. Co.* v. *Palmer*, 42 Conn. 60.

If, in an obligation to pay a gross sum to several parties, there is no stipulation to pay any portion to each, then the survivors bring the action. (*Davis* v. *Wannamaker*, 2 Col. 637.) By necessary inference from the above, had there been a stipulation to pay a part or "equally" to each, the survivors could not alone have sued and recovered the whole.

Peter Hoffman, in his application, warranted that since his former application (May 31, 1880,) he had not suffered from any serious or protracted illness, and that he was then free from all disorders, weaknesses or infirmities tending to impair health or shorten life. It made a serious difference whether he died of pneumonia of five days' duration, or of

consumption of a year's standing.   Therefore it was error to
refuse the ninth instruction asked by appellant.

The proofs were legitimate evidence only for one purpose—
to show a compliance with the terms of the certificate.

Messrs. HAY & KNISPEL, for the appellees:

Where one or more of several obligees, covenantees, part-
ners, or others having a joint, legal interest in the contract,
dies, the action must be brought in the name of the survivor.
1 Chitty's Pleading, 19; *Bostwick* v. *Williams*, 40 Ill. 113.

The widow and children of Peter Hoffman have a joint,
legal interest in the policy or contract, and not a several in-
terest.   *Hartford Fire Ins. Co.* v. *Davenport*, 37 Mich. 609;
*Northrup* v. *Phillips*, 99 Ill. 449.

The proofs of death were called for by the company, in the
policy.   They were to be satisfactory to the company.   They
were admitted in evidence without objection, and were neces-
sary and proper for the purpose of showing that appellees
had performed the conditions precedent.

The issues and the evidence involved these two questions:
Did Peter Hoffman make false and untrue statements and
misrepresentations in his original application for insurance;
and second, did he make false and untrue statements, and
warrant the same to be true, in his application for rein-
statement.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This suit was brought on a "certificate of membership" in
the Covenant Mutual Benefit Association of Illinois.   It was
issued to Peter Hoffman, since deceased, in consideration of
the sum of ten dollars (membership fee) paid in hand, and
of the payment of such amount for mortuary assessments,
expenses and collection costs as should be required of him,
in accordance with the condition in the certificate expressed.

It was provided that upon due notice of the death of the holder of the certificate being filed with the secretary of the association, showing the member had in all respects complied with the conditions of the certificate, an assessment would be levied upon all the members holding certificates in force at the time of the death of such member, for the full amount named in their respective certificates; and the sum so collected on such assessments, less all amounts which might be added for expenses and collection costs, the association agreed by the certificate to pay, or cause to be paid, as a benefit, to his wife, Laura Hoffman, and children, equally, or in the event of their prior death, to the legal heirs or devisees of the holder of the certificate, within ninety days from the date of the acceptance of evidence of death; but in no case should the payment under the certificate exceed $5000. A number of conditions were printed on the back of the certificate, which the member was obligated to observe, and it was agreed they should constitute a part of the contract between the parties, as if they had been inserted in the body of the certificate itself. So far as any of these conditions are important in the present decision they will be stated further on, but not otherwise. Across the face of the certificate issued to the deceased was printed in large figures, "$5000," which would seem to indicate that was its value. At his death, Peter Hoffman, to whom the certificate was issued, left him surviving, his wife, Laura Hoffman, and five children, in whose names the suit was brought against the association to recover $5000,—the benefit secured to them by the certificate of membership issued to the deceased holder. After the suit was brought, and before trial, Peter Hoffman, Jr., one of the children, died. It appears this child, Peter, was born after the death of the husband, which occurred August 2, 1881, and that he died in May, 1882. His only heirs would be his mother and surviving brothers and sisters. After the death of the child Peter, the suit progressed in the name of the

widow and the four surviving children, and judgment was rendered in their favor for the full value of the certificate of membership, which was $5000. In no event could any greater sum have been recovered had this youngest child survived.

It is insisted it was error of law to render judgment in favor of the widow and the four surviving children, for the reason the benefit secured was to be paid to the widow and the children, equally, of whom the proof shows there were five when this suit was brought. The objection seems to be it was not proper to render judgment for the full value of the benefit, on a declaration in favor of the widow and four children, with the name of the deceased child omitted. It is not perceived there was any error in so rendering the judgment. There are two views, both of which sustain the action of the trial court: First, the benefit was, by the certificate, secured to be paid to the widow (by name) and children,— that is, to Laura Hoffman, and to a class of persons designated as children, and to be ascertained after the death of the holder of the certificate. At the trial it was found, from the proof, there were but four children surviving. They then constituted all the class embraced in the term "children," and it was entirely correct to render judgment in their favor, as was done. Second, were this not so, the judgment might be sustained for another reason. It is provided by the certificate, that in the event of the prior death of the beneficiaries named, the benefit should be paid to the legal heirs or devisees of the holder of the certificate. A correct reading of this provision would be: in case of the prior death of any one of the class designated to take the benefit, the heirs of the holder would take the share of the deceased party. Here, the plaintiffs were the heirs of the holder, and they took the whole benefit, and the judgment in their favor was regular, and authorized by law.

The point is made the circuit court erred in overruling the motion for a new trial. The argument on this branch of the case might have been with great propriety, and doubtless was, addressed to the Appellate Court when the cause was heard in that court. Whether the deceased was guilty of fraud in procuring a renewal of his membership, or whether the evidence warranted a finding for plaintiffs, and in the amount found by the verdict, are so exclusively questions of fact, the finding of the Appellate Court touching them is conclusive upon this court. They are all controverted questions of fact, arising on conflicting testimony, concerning which the statute forbids the assignment of any error in this court.

It is strenuously insisted it was error in the trial court to refuse to give the jury the ninth instruction of the series asked by defendant. It is as follows:

"The jury are instructed that the proofs of death offered in evidence are not evidence of what disease Peter Hoffman may have died, and can not be considered by the jury for that purpose."

Recurring to the conditions printed on the back of the certificate, it will be seen the benefit was not to become payable if the holder died by reason of any act of self-destruction whatever, whether at the time of committing the same he was sane or insane. The fifth paragraph also contained a number of conditions, the happening of any one of which would render the benefit non-payable. It was no doubt proper, in making proof of the death of the holder, to show he did not come to his death by reason of self-destruction, or by reason of doing any other act mentioned in the conditions, and annexed to the certificate of membership. Stating the disease of which the holder died, is a satisfactory mode of excluding the hypothesis he may have died by self-destruction, or that he had been guilty of any other act the doing of which would annul and render void the certificate. The "proofs of death"

were proper evidence, although containing, as they did, proof of the disease of which the holder died, and it was not error in the trial court to refuse the instruction in the form it was asked.   The principal controversy at the trial seems to have been whether the application for the renewal of his membership, as made by the deceased, and which it is conceded was a warranty, was false and fraudulent.   In the proofs it was stated the disease of which the holder of the certificate died, was pneumonia.   There does not seem to have been any controversy he died of some disease of the lungs.   The conflict in the evidence is as to whether he had disease of the lungs or other diseases at the time he made application for the renewal of his membership.   Had the court been asked to instruct the jury the proofs of death were no evidence on that question, no doubt it would have done so.   But that was not what the court was asked to do.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*