[Civ. No. 124.   First Appellate District.—January 5, 1906.]

ALICE S. BURKE, Respondent, v. MODERN WOODMEN
OF AMERICA, Appellant.

MUTUAL BENEFIT SOCIETY—CERTIFICATE—BENEFICIARY—CHANGE BY
WILL.—A benefit certificate issued by a mutual benefit society to
one of its members, payable on his death "to his legal heirs re-
lated to said member in relationship of heirs," constitutes a con-
tract between the member and the society, and the member has no
right to change the beneficiary by his will, unless authorized so to
do by the law of the society.

ID.—CONTRACT—SUCCESSORS.—Under such a certificate, the beneficiaries
are entitled to take by virtue of the contract, and not by succession,
and the certificate did not become a part of the assets of the estate
of the member at his death.

ID.—HEIRS TAKE EQUALLY.—For the purpose of determining who are
the heirs of the deceased member, resort is to be had to the succes-
sion laws of the state under which the descent is cast. When
such heirs are so determined as a class, they are entitled to share
equally in the avails of the certificate.

APPEAL from a judgment of the Superior Court of Santa
Clara County, and from an order refusing to vacate the judg-
ment and to enter in lieu thereof a different judgment.   A. L.
Rhodes, Judge.

The facts are stated in the opinion of the court.

F. B. Brown, for Appellant.

William A. Bowden, for Respondent.

COOPER, J.—In March, 1900, R. H. Burke, then a single
man, became a member of the local camp of the Modern Wood-
men of America, and took a benefit certificate for $2,000, pay-
able on his death to "his legal heirs related to said member in
relationship of heirs." He afterward married the plaintiff,
and after such marriage he made a will which contained the
following clause: "I hereby expressly give, devise, and be-
queath unto my said wife, Alice S. Burke, all sums of money
that may be due at my death upon policy No. 621,457, issued
by the Modern Woodmen of America, dated March 8, 1900, and
I hereby authorize her to collect said sum of money therein
mentioned." In October, 1901, the said Burke died with-

out having made any change of beneficiary under said certificate, as required by the rules and by-laws of the said order of Modern Woodmen. His will was duly admitted to probate, and letters of administration with the will annexed issued to one Snitjer. This action was brought to recover the sum of $2,000, the amount of the said benefit certificate. The court found that at the time of the death of Burke he left ten heirs, consisting of the plaintiff, brothers, sisters, nephews and nieces, whose names are stated. Judgment was given to plaintiff for $1,000, being the amount which she would inherit under the laws of succession of the state if the benefit certificate had been assets of the estate. Defendant appeals from the judgment and from an order denying its motion to set aside and vacate the judgment and to enter in lieu thereof a different judgment.

The trial court correctly held that the attempted change and substitution of plaintiff as beneficiary by the will was not valid, because not made in accordance with the laws of the defendant corporation. The designation of the beneficiaries made by deceased in his lifetime was valid when made, and not having been legally changed by deceased in his lifetime, was valid at his death, and the $2,000 was payable to his legal heirs. (Sheehan v. Butchers' etc. Assn., 142 Cal. 489, [76 Pac. 238].) The beneficiaries are entitled to take by virtue of the contract and not by succession. The certificate did not become the assets of the estate by the death of Burke. The defendant made a contract with Burke in his lifetime by which, for certain considerations, it agreed to pay to certain parties the sum of $2,000 upon the death of Burke. If the names of the ten heirs had been inserted in the contract as the beneficiaries, it would be plain that they would each take an equal one-tenth of the $2,000; but as the class of persons is designated in the certificate, it only remained for the court to determine and find who were the persons constituting the designated class. It did so find. For the purpose of determining who are the heirs of a deceased person, resort is to be had to the laws of the state under which the descent is cast. (Caldwell v. Miller, 44 Kan. 12, [23 Pac. 946]; Wittenbrock v. Wheadon, 128 Cal. 150, [79 Am. St. Rep. 32, 60 Pac. 664].) The heirs of a person are those whom the law appoints to succeed to his estate in case he dies without disposing of it by

will.   (*Hochstein* v. *Berghauser,* 123 Cal. 681, [56 Pac. 547].)
Then, when the heirs were ascertained, they were each entitled
to one-tenth of the sum to be collected from defendant.

The rule is thus stated in Niblack on Accident Insurance and
Benefit Societies, second edition, section 210: "For the pur-
pose of ascertaining the persons who are the beneficiaries un-
der a designation of 'my heirs,' it is necessary to consult the
statutes of the state which cast the descent of the property of
an intestate.   But from this it does not follow that the stat-
ute determines the proportion of the fund which each heir
shall take.   Where a member has made his certificate pay-
able to his heirs, they do not take the fund by descent, but
by contract.   The statutes of descent and distribution cease
to be of use, therefore, at the very moment when the heirs at
law of the intestate have been found according to their pro-
visions.   They point out the persons whom the contract de-
clares shall be the beneficiaries, but they do not determine the
rights of such persons under the contract.   The rights of the
beneficiaries in a certificate taken out by a member are such
as the contract confers, and are not rights arising by operation
of statutory rules.   The contract, and not the statute, fixes
their rights, and they have such rights only as the contract
of insurance vests in them.   We are, therefore, to look to the
terms of the agreement, and not to the provisions of the statute,
to ascertain the rights of the parties."   In *Cooper* v. *Wilder,*
111 Cal. 196, [52 Am. St. Rep. 163, 43 Pac. 591], a patent
had been issued by the United States to the heirs of David
Cooper.   Mr. Justice Temple, in delivering the opinion of the
court, said: "The grant is to the heirs of David Cooper, but
they do not take by inheritance.   The heirs will, therefore,
take equally, regardless of the proportions in which they
would have taken under the law of succession of the state.
The United States has no general law of succession; the heirs
must, therefore, be found by the law of the state or territory
in which the land is situated."   The above principles are
supported by the following cases: *Sheehy* v. *Miles,* 93 Cal. 288,
[28 Pac. 1046] ; *Hochstein* v. *Berghauser,* 123 Cal. 681, [56
Pac. 547] ; *Felix* v. *Ancient Order of United Workmen,* 31
Kan. 81, [47 Am. Rep. 479, 1 Pac. 281] ; *Wilburn* v. *Wilburn,*
83 Ind. 55 ; *Jackman* v. *Nelson,* 147 Mass. 300, [17 N. E. 529] ;

*Reed* v. *Painter,* 129 Mo. 674, [31 S. W. 919] ; *Covenant Mut. Ben. Assn.* v. *Hoffman,* 110 Ill. 603.

The judgment and order are reversed, and the court below directed to order judgment for plaintiff for $200 upon the findings, in accordance with the views herein expressed.

Harrison, P. J., and Hall, J., concurred.