NETTIE M. THOMPSON, HATTIE B. ABLE, ELLA R. HOWES,
ARTHUR L. SANBORN, Minor, JENNIE E. SANBORN, Guard-
ian of ARTHUR L. SANBORN and CHARLES H. SANBORN,
Appellants, v. NORTHWESTERN MUTUAL LIFE INSURANCE
COMPANY and LAURA M. SANBORN.

Insurance: WORDS AND PHRASES. Ordinarily the words assured and
1  insured are synonymous terms, but the former may be used to des-
ignate the party procuring insurance, and the latter to designate the
person whose life is insured.

Same: DISTRIBUTION OF PROCEEDS: HEIRS: STATUTE. The statute pro-
2  viding that the words heirs, or legal heirs, or their equivalent, when
used to designate beneficiaries in any policy or certificate of life
insurance, shall include a surviving spouse, and that the share of
such survivor shall be the same as that provided for the distribution
of the personal estate of an intestate, is not limited to a policy pro-
cured by the insured himself, but applies as well to one procured by
the wife of the insured. And where a policy was procured by the
wife, payable to her in case she outlived the insured, but in case
she died first then to the heirs at law of the insured, upon her death
and the remarriage of insured his second wife was entitled, under
the statute as his heir, to the same interest in the policy that she
had in his personal property if he died intestate.

Same: APPLICATION OF STATUTE. While the statute defining the terms
3  heirs and legal heirs, with reference to the distribution of life insur-
ance, is prospective only, it is applicable to the distribution of the
proceeds of a policy issued before its enactment, where the insured
died afterward; as the relation of heir cannot exist until after the
death of the ancestor.

*Appeal from Jackson District Court.*—HON. L. J. HORAN,
Judge.

THURSDAY, OCTOBER 23, 1913.

ACTION on an insurance policy resulted in awarding the
plaintiffs two-thirds of the indemnity stipulated therein and

one-third thereof to the surviving widow of deceased. The plaintiffs appeal.—*Affirmed.*

*F. M. Fort,* for appellants.

*G. L. Johnson,* for appellant, C. H. Sanborn.

*W. C. Gregory,* for appellee, Laura M. Sanborn.

*F. D. Kelsey,* for appellee, Insurance Co.

Ladd, J.—In 1863, Harriett B. Sanborn procured of defendant a policy insuring the life of her husband, Caleb M. Sanborn, for $1,000, payable to her if she outlived him, but in event she died first to "the heirs at law of said Caleb M. Sanborn." Harriett died December 9, 1893, and on March 24, 1894, Caleb married Laura M. Sanborn. Caleb died November 7, 1911, and this action on the policy of insurance by the children and grandchildren of the deceased was begun March 15, 1912. The widow, Laura M. Sanborn, intervened, claiming as heir of deceased one-third of the indemnity stipulated. As Harriett died before the insured, the policy became payable to the "heirs at law" of the latter, and whether the surviving spouse, Laura, is included in the terms "heirs," is the sole question for determination.

Section 3313 of the Code enacts that: "The words 'heirs,' or 'legal heirs' or other equivalent words used to designate the beneficiaries in any life insurance policy or certificate of membership in any mutual aid or benevolent association, where no contrary intention is expressed in such instrument, shall be construed to include the surviving husband or wife of the insured, and the share of such survivor in the proceeds of such policy or certificate made payable as aforesaid shall be the same as that provided by law for the distribution of the personal property of intestates."

Appellants first contend that this provision applies only

where the insured himself has procured the policy, but no such restriction is contained in the language quoted. Though awkwardly worded, the manifest design of the Legislature is plain. If the indemnity is payable to the heirs of the insured, his surviving spouse is included as an heir; if payable to the heirs of some one else, a contrary intention is expressed and the statute has no application. This construction obviates the anomalous situations suggested in argument and at the same time gives effect to the language employed.

1. INSURANCE: words and phrases.

The policy designates the party procuring the insurance as the "assured" and the person whose life is covered as the "insured." Ordinarily, these words are synonymous, but here, as in *New York Life Ins. Co. v. Ireland* (Tex.), 17 S. W. 617 (14 L. R. A. 278), were not so used.

The statute, however, has reference to the person whose life is insured, whatever he may be designated in the contract, and defines heirs when the policy is payable to them to include his surviving spouse. Nor can "heirs at law" as found in the contract be construed as meaning children of the deceased only, for the statute as quoted declares that the surviving spouse shall be deemed an heir in such case. The provision evidently was designed to obviate the ruling in *Phillips v. Carpenter*, 79 Iowa, 600, that, in the absence of statute directing otherwise, the term "heirs" does not include the widow. It is to be noted, however, that by the weight of authority the word "heirs," when used in any instrument to designate persons to whom personal property is thereby transferred or made payable, and it is not otherwise explained by the context, is held to mean those who would, under the statute of distribution, be entitled to the personal estate of the persons of whom they are mentioned as heirs in event of death and intestacy. *Mullen v. Reed*, 64 Conn. 240 (29 Atl. 478, 42 Am. St. Rep. 174), and cases collected in note 24 L. R. A. 664, and 44 Am.

2. SAME: distribution of proceeds: heirs: statute.

St. Rep. 402; *Johnson v. Knights of Honor,* 53 Ark. 255 (13 S. W. 794, 8 L. R. A. 732).

The statute was enacted long after the issuance of the policy, and counsel argue that for this reason it is not applicable. As contended, it is not retroactive. Nor is it essential that the statute be so construed to entitle appellee to share the indemnity. There were no heirs of the insured prior to his death. The heirs at law of the insured are those who answer the description at the time of his death. *Whall v. Converse,* 146 Mass. 345 (15 N. E. 660); *Hill v. Hill,* 90 Neb. 43 (132 N. W. 739, 38 L. R. A. [N. S.] 198). And who these are necessarily is determined by the statutes then in force. *Braun v. Mathieson,* 139 Iowa, 409; *Burke v. M. B. A.,* 2 Cal. App. 611 (84 Pac. 275). By virtue of the statute quoted, the widow was entitled to take of the indemnity payable by the insurer as an heir. As such, she takes not in violation but in pursuance of the contract. It stipulated for payment to a class, i. e., heirs of the insured, and the law defines who constitute such class.

3. SAME: application of statute.

Until the insured's death, the prospective heirs acquire no vested right, and therefore the laws of inheritance may be subjected to such changes as the Legislature may deem expedient. Says Judge Cooley, in his work on Constitutional Limitations (page 512): "It is because a mere expectation of property in the future is not considered a vested right that the rules of descent (a) are held subject to change in their application to all estates not already passed to the heir by the death of the owner. No one is heir to the living; and the heir presumptive has no other reason to rely upon succeeding to the property than the promise held out by the statute of descents. But this promise is no more than a declaration of the Legislature as to its present view of public policy as regards the proper order of succession—a view which may at any time change, and then the promise may properly be withdrawn, and a new course of descent be

declared. The expectation is not property; it cannot be sold or mortgaged; it is not subject to debts; and it is not in any manner taken notice of by the law until the moment of the ancestor's death, when the statute of descents comes in, and for reasons of general public policy transfers the estate to persons occupying particular relations to the deceased in preference to all others. It is not until that moment that there is any vested right in the person who becomes heir to be protected by the Constitution. An anticipated interest in property cannot be said to be vested in any person so long as the owner of the interest in possession has full power, by virtue of his ownership, to cut off the expectant right by grant or devise. If this be so, the nature of estates must, to a certain extent, be subject to legislative control and modification." See, also, *Gregley v. Jackson,* 38 Ark. 487; *Bass v. Roanoke Nav. & W. P. Co.,* 111 N. C. 439 (16 S. E. 402, 19 L. R. A. 247); *McNeer v. McNeer,* 142 Ill. 388 (32 N. E. 681, 19 L. R. A. 256). The person procuring the policy, in stipulating that the indemnity be paid to the heirs of Caleb M. Sanborn, necessarily had reference to those designated heirs at the time of his decease. But for the provision that the surviving spouse take as heir one-third, there might be some ground for the claim that all the heirs should take equally. See *Burke v. Modern Woodmen of America,* 2 Cal. App. 611 (84 Pac. 275).

It was competent for the Legislature to specify the portion each heir is entitled to, and that one may thereby take a portion of certain property and no part of that of another kind furnishes no valid objection to the statute.

We discover no reason for denying the widow the share in the proceeds of this policy specified in this statute, and therefore the judgment is *Affirmed.*

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.