L. A. ANDREW, Receiver, Appellee, v. BANKERS LIFE COMPANY et al., Appellant.

No. 40709.

JANUARY 12, 1932.

REHEARING DENIED JUNE 24, 1932.

Raymond N. Klass, E. A. Johnson, Perrine & Keyes, for appellant Mattie E. Beers.

Frank W. Scnneff, for appellee.

DE GRAFF, J.—The Bankers Life Company of Des Moines, Iowa, issued to one Fred A. Beers an ordinary old line legal reserve life insurance policy with the right reserved to the insured to change the designated beneficiary, who was his wife Mattie E. Beers, defendant-appellant herein. Prior to the death of the insured Fred A. Beers, which occurred March 12, 1930, he assigned in writing, subject to the terms and provisions of the policy, his right, title, and interest therein to the Corwith Savings Bank, as collateral security for an indebtedness owing to said bank. The bank became insolvent and closed its doors in April, 1930. The plaintiff-receiver, L. A. Andrew, State Superintendent of Banking, commenced the instant action to recover the proceeds of said policy under the said assignment, executed March 13, 1923. Mattie E. Beers, the designated beneficiary in said policy, signed jointly with the insured the assignment in question. Subsequently to the said assignment, the insured Fred A. Beers died, leaving his wife, the beneficiary, surviving him. The indebtedness owing to the Corwith Bank by the insured and the beneficiary, respectively, was evidenced by a promissory note signed by both the insured and the beneficiary.

We first inquire what are the rights and privileges granted to the insured under the policy in question? They.are:

(1) The right to change the designated beneficiary. (This was not exercised.)

(2) The right to cash in or borrow from the Insurance

Company on the policy. (The insured did borrow from the Insurance Company the loan value. No question arises here of the right of the Company to deduct the amount of the loan from the proceeds due on the policy upon the death of the insured.)

(3) The right to take paid-up or extended insurance. (This privilege was not exercised.)

(4) The right to have the estate of the insured substituted automatically as beneficiary upon the predecease of the beneficiary. (This did not happen.)

(5) The right to disability benefits. (We are not concerned with this right, as it was excluded by the express terms of the assignment.)

(6) The right to lapse the policy entirely for non-payment of premium. (The premiums were paid when due by the assignee bank after the date of the assignment to the death of the insured.)

(7) The right to assign the interest therein. (This right was exercised by the insured, and the beneficiary joined the insured therein.)

The real question in the case at bar is: What was the legal effect of the assignment of this policy signed by both the insured and the beneficiary?

The beneficiary, Mattie E. Beers, had the right to assign in equity her interest whether inchoate, contingent, or expectant, during the lifetime of her husband, the insured, and upon his death such an assignment became effective. Her interest at the time that she joined in the assignment to the creditor bank was in fact an expectancy. The assignment was made by her in good faith for an adequate consideration and without fraud. The instant policy became a pledge, as there can be no question under the evidence that it constituted collateral security for the payment of the promissory note signed jointly by the insured and the beneficiary. The indebtedness to the bank was not discharged or released at the time the insured died.

The instant contract of insurance was for the benefit of the beneficiary, provided that the insured did not change the designated beneficiary. The beneficiary is not a party to the contract in the sense that the beneficiary can interfere with the reserved right of the insured to change the beneficiary. The assignment in question did not *per se* change the designated beneficiary.

This is conceded by the appellee-receiver and the appellant and is the quite universal rule.

This court has held that upon a valuable consideration a prospective heir may assign his prospective right ·in his ancestor's estate. The heir has no vested interest in said estate, but his assignment for value is recognized in equity. Gannon v. Graham, 211 Iowa 516. The instant case is bottomed on the theory of an equitable estoppel. The beneficiary, Mattie E. Beers, entertained the expectation that she ultimately would receive the proceeds of the policy upon the death of the insured husband. She assigned this expectancy to the appellee bank merely by way of security. The assignment, as collateral, was an executory agreement. There were only two persons who could possibly have been the owners or who had any interest in the instant policy at the time of the assignment. They were the beneficiary and the insured, and as pointed out, both joined in the assignment. The assignment operated, at least in equity, as an agreement to assign; but here it is not necessary to go this far, since the two persons who had any possible right in the policy jointly assigned to the bank, and thereby set over all of the property right to the assignee bank. See 37 C. J. 422.

It may not be questioned that the assignment executed by the insured and the beneficiary was given to the Corwith Bank, as collateral security for the indebtedness then owing by them, and it not only covered what was then owing but what might be owing to said bank by either of them at any time thereafter, and due at the time of the death of the insured. It was stipulated by the parties in open court that the sum total of the indebtedness to the Corwith Bank was in excess of the amount due under the terms of the policy at the time of the death of the insured. It is also shown that the assignment in question was recognized as valid by the insurance company during the lifetime of the insured Fred A. Beers, and that the defendant Mattie E. Beers acquiesced therein and made no claim of its invalidity, nor of failure of consideration as to her, during the lifetime of Fred A. Beers. In fact, we find that the assignment of said policy was for a valuable consideration running to both the insured and the beneficiary, and it was therefore valid for the full amount due under said policy at the time of the death of the insured Fred A. Beers. In view of this finding we are

not inclined to enter upon a detailed discussion as to the law governing insurance contracts, nor do we deem it necessary to quote the decisions of this court governing life insurance contracts.

The appellant, Mattie E. Beers, relies upon certain decisions of this court, but they may be differentiated on the facts from the instant case. See Hicks v. Northwestern Mut. Life Ins. Co., 166 Iowa 532; Townsend v. Fidelity & Cas. Co., 163 Iowa 713. It is hornbook law that in so far as the beneficiary's power to interfere with a change of the beneficiary when the power is reserved in the contract to the insured is concerned, the beneficiary has none. See Townsend v. Fidelity & Cas. Co., supra.

The insured Fred A. Beers, in the instant policy, had the right both expressly and impliedly to assign the policy, which carried the proceeds of said policy, when due; and especially is this true when the beneficiary named in the policy, for a valuable consideration, joined the insured in the said assignment. The said assignment reads as follows:

"Assignment of Policy as Collateral Security.

"In Consideration of One Dollar and other valuable consideration the receipt of which is hereby acknowledged, we, hereby sell, assign, transfer and set over unto Farmers Savings of Corwith, in the State of Iowa, and its executors, administrators and assigns, as their interest may appear, all our right, title and interest in and to Policy No. 452814, issued by the Bankers Life Company, excepting rights arising under the total disability benefit provisions of said policy, if any, and subject to all the terms and conditions in said policy contained. The interest of the assignee in the policy hereby assigned is limited to said assignee's valid pecuniary claim against the assignors existing at the time of settlement of the policy, the remainder of said policy, if any, being unaffected by this assignment. Witness our hands and seals at Corwith, in the State of Iowa, this 13th day of March, 1923.

"F. A. Beers,
"Insured
"R. J. Galloway                    Mattie E. Beers,
"Armand Tabb                       Beneficiary."

Plaintiff-appellee bottomed its petition on the theory that the Bankers Life Company held the insurance proceeds in trust for whomsoever was entitled thereto, and since the Insurance Company disclaimed any interest in the proceeds of the policy, except the loan made by it to the insured, the Insurance Company is not a party in interest in this cause. In fact the Bankers Life Company constituted the Clerk of the District Court a stakeholder of the proceeds, to be paid upon the determination by the court of the party entitled to said proceeds. This meant either the assignee bank or Mattie E. Beers, beneficiary.

Mattie E. Beers is not entitled to the proceeds, for the reason that she is estopped, as pleaded, to deny the bank's right to the proceeds of said contract of insurance. Her act in voluntarily signing the assignment in question with the insured closes her lips from now claiming the benefits which otherwise would come to her. A policy of life insurance like the one in question is a chose in action, and under the statute of Iowa there can be no doubt of the assignability of same. Section 9451, Code, 1927. See Farmers' & Traders' Bank v. Johnson, 118 Iowa 282, l. c. 286. Regardless of the statute, the right to assign was granted to the insured by the policy or contract of insurance.

Having answered this cause on its merits, the plaintiff-appellee's motion to dismiss the appeal, submitted with the case, is overruled.

The decree of the trial court was correct, and therefore is— Affirmed.

EVANS, FAVILLE, MORLING, ALBERT, GRIMM, and KINDIG, JJ., concur.