MARTHA C. POTTER, Plaintiff, Appellant, v. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Defendant, Appellee; ELIZABETH STOAKES et al., Intervenors, Appellees.

No. 41706.

APRIL 4, 1933.

REHEARING DENIED SEPTEMBER 21, 1933.

Trewin, Simmons & Trewin and E. A. Johnson, for appellant.

Deacon, Sargent, Spangler & Hutchinson, for defendant.

Tobin, Tobin & Tobin, for intervenor Huey.

Thomas & Thomas, for intervenor Stoakes.

ANDERSON, J.—There is no dispute in the facts. They are stipulated in the record. One John W. Potter purchased from the Northwestern Mutual Life Insurance Company a policy for $3,000 upon his life, the same being dated July 23, 1918. Martha C. Potter, the wife of the insured, was designated as beneficiary, subject to the right to change beneficiary. The said insured, Potter, was indebted to one J. C. Huey in the sum of $2,000 upon a promissory note dated July 5, 1924, and maturing July 5, 1925. On September 13, 1924, the said Potter executed an assignment of the insurance policy, his wife, the beneficiary named, joining in such assignment, to the said J. C. Huey, as collateral security for his said note. On the same day of the execution of said assignment, the insurance policy, with the assignment attached thereto, was delivered to the First National Bank of Traer, Iowa, for the benefit of the said Huey, and remained in the custody of said bank. The said assignment was executed upon a form prepared by the insurance company, a duplicate copy of which assignment was served upon or filed with the company. The said Huey died on July 15, 1925. The $2,000 note he held signed by John W. Potter was not paid, and the intervenors in this action, Elizabeth Stoakes and Rena C. Huey, succeeded to the interest of the payee of said note and to his rights and benefits in the policy of insurance, which had been assigned to him as collateral security. Potter, the insured, died October 2, 1930, and his wife, Martha C. Potter, the beneficiary named in the policy, commenced this action against the insurance company in the district court of Linn county, to recover upon the said policy of insurance.

The insurance company answered admitting the issuance of the policy and its liability thereunder, and admitting that the sum of $2,754.51 was due thereunder, and that it had issued its draft for said amount payable to Martha C. Potter, Elizabeth Stoakes, and Rena C. Huey, and tendered said draft in full settlement of its liability under said policy; that the payees named in said draft were unable to agree upon a division of the proceeds of the draft and refused the same; and states that it still has said money in its possession, and is ready and willing to pay the same to the person or persons finally determined to be entitled to the same. The company further answering set forth the assignment of the policy to the said J. C. Huey, and that the intervenors herein had succeeded to his interest therein by virtue of said assignment.

The said Elizabeth Stoakes and Rena C. Huey intervened in

said action and claimed the proceeds of said insurance policy by reason of the said assignment, and that there was due upon the John W. Potter note held by them the sum of $3,101.48, or an amount in excess of the total sum due under the policy.

The plaintiff answered the petitions of intervention admitting the execution of the written assignment of the insurance policy to the said J. C. Huey by the insured and the beneficiary therein named; and admitting the delivery of the said insurance policy, with such assignment attached, to the bank for the use and benefit of the assignee; also admitting that said insurance policy named the plaintiff as beneficiary; that the said insured John W. Potter, was indebted to the said J. C. Huey, assignee, upon the promissory note at the date of the assignment; admitting the interest of the intervenors in said note as alleged, and that the amount due thereon has not been paid. The plaintiff denies that there was any consideration for the execution of said assignment, and that neither herself nor John W. Potter received anything of value therefor, and alleges that such assignment is not enforceable against her.

The case was tried to a jury upon the stipulated facts, and upon the completion of the record, both the plaintiff and the intervenors moved the court for directed verdicts. The court denied and overruled plaintiff's motion, and sustained the intervenors' motion. Judgment was accordingly entered for the intervenors, from which this appeal is prosecuted.

The errors assigned and relied upon for reversal are substantially as follows:

That the assignment of the policy in question did not cover the death benefits and that the death benefits were payable to the beneficiary named; that the plaintiff's signature to the assignment was not sufficient to release her interest in said death benefits and that there was no consideration for her signature thereto; that at the time plaintiff signed the assignment in question she had nothing which could be presently assigned or transferred; that at the time of the assignment, Potter, the insured, had no present interest in the death benefits provided for in the policy, which could be assigned; that there was no change of the beneficiary in accordance with the terms of the policy; that plaintiff was entitled to recover the amount due under the terms of said policy as beneficiary; and that the court erred in holding that the assignment was effective, and in

overruling plaintiff's motion for a directed verdict, and in sustaining intervenors' motion for a directed verdict.

The appellant contends that the assignment in question served only to transfer to the assignee certain rights then existing in the insurance contract, such rights being: (a) The right to terminate and take the cash surrender value, or paid up or extended term insurance; (b) to borrow money on the security of the policy; (c) to change the beneficiary; and (d) the right of disposing of the death benefits in the event the named beneficiary did not survive.

The appellants further contend that the weight of authority is to the effect that an assignment by the insured "subject to the terms and conditions of the policy" does not carry with it the death benefits payable to a surviving named beneficiary. We cannot agree with this contention.

Under our law, which follows the universal rule, the insured may dictate the payment of the proceeds of his insurance policy, either by the designation of a named beneficiary or by the assignment of the policy, and accordingly a person has a right to realize upon his life insurance policy by its assignment providing no vested interests intervene.

An insurance policy providing that "the insured may, at any time, change the beneficiary, providing this policy is not then assigned", gives a right to the insured to assign the policy regardless of the fact a beneficiary is named therein, and it seems clear from the great weight of authority that the insured may assign the policy where he has reserved the right to change the beneficiary, without the consent of the beneficiary. Antley v. New York Life Ins. Co., 139 S. C. 23, 137 S. E. 199, 60 A. L. R. 184; 14 R. C. L. 998, section 171. This court has held that where the policy reserves to the insured the right to change his beneficiary, the beneficiary named in the policy acquires no vested right therein or in the insurance which it represents, and so far as he or she is concerned the insured may make a substitution at will, and that the beneficiary named has no vested interest in the insurance during the lifetime of the insured. Carpenter v. Knapp, 101 Iowa 729, 70 N. W. 764, 38 L. R. A. 128. And that the assignment of a policy and a change of its beneficiary are distinct acts to which the assent of the beneficiary was not requisite.

"It is the settled law in Iowa that, where the right is reserved to change beneficiaries, the beneficiary first named acquires no vested

interest in the policy, and the person insured has the right, at any time he may see fit, to change beneficiaries on compliance with the rules and regulations of the company." Jacobson v. New York Life Ins. Co., 199 Iowa 770, 202 N. W. 578, 579.

And see the many cases cited supporting the quotation.

In Carpenter v. Knapp, 101 Iowa 712, 70 N. W. 764, 38 L. R. A. 128, we held that the beneficiary named in an endowment certificate has no assignable interest while the assured is living, when the latter has the right to change his beneficiary, and that seems to be the general rule.

That the interest of the named beneficiary is not a vested right which can be assigned, where the right to change beneficiary is reserved in the policy, is too well settled by the great weight of authority to permit of argument as will be noticed by the following short quotations:

"Named beneficiary's interest, where right to change beneficiary is reserved, is not a vested right." Blethen v. Ins. Co., 198 Cal. 91, 243 P. 431.

"Beneficiaries' interest held not vested, in view of insured's right to change beneficiary." Equitable Life Assur. Soc. v. Campbell, 85 Ind. App. 450, 150 N. E. 31, 151 N. E. 682.

"Interest of beneficiaries does not vest except by death of insured, where policy reserves right in insured to change beneficiary." Fleming v. Grimes, 142 Miss. 522, 107 So. 420, 45 A. L. R. 618.

"The contract may reserve to the insured the right to change the beneficiary at will, and when this is done, the nominated beneficiary acquires no vested interest in the policy or its proceeds, and until the death of the insured, has a mere expectancy." Ogletree v. Ogletree. 127 Ga. 232, 55 S. E. 954, 956.

In the Georgia cases the court holds that an assignment is, in effect, a change in beneficiary, and for all practical purposes it would seem that the result effected would be the same especially where the assignment is for the full amount due or to become due under the policy.

"Where policy reserved right to change beneficiary, person designated as beneficiary held to have no vested right, and insured's control over the policy was as complete as though he himself was designated as beneficiary." Mutual Ben. Life Ins. Co. v. Swett

(C. C. A.) 222 F. 200, Ann. Cas. 1917B, 298; New York Life Ins. Co. v. Daley, 25 Cal. App. 376, 143 P. 1033.

"It would seem clear that the insured may assign the policy where he has reserved the right to change the beneficiary." 14 R. C. L. 998.

The right to change the beneficiary was reserved. Without changing the beneficiary, the insured pledged the policy as collateral security for an indebtedness to his bank; the beneficiary (wife) not joining in the assignment. The assignment was held good. Missouri State Life Ins. Co. v. California State Bank, 202 Mo. App. 347, 216 S. W. 785.

In Mente v. Townsend, 68 Ark. 391, 59 S. W. 41, 43, the court says:

"Goldsmith, the assured, could have changed the beneficiaries in the policies at any time without her [wife's] consent. He, in effect, made such change, to the extent of the assignment to appellee."

To a similar rule are committed the courts of the District of Columbia, Kentucky, Ohio, Utah, Louisiana, Michigan, Vermont, Maryland, South Carolina, Texas, and others, including our own state in the recent case of Andrew v. Bankers Life Co., 214 Iowa 573, 240 N. W. 215.

Under the foregoing rule, which seems to be well established, where the right to change the beneficiary has been reserved in the policy, the beneficiary does not have a vested right or interest, and the insured has complete control and domination of the policy; that his reserved right to change the beneficiary includes the lesser right to effect the rights of the beneficiary by exercising or creating a lien on the policy; and thus he may do directly what he might do by changing the beneficiary to himself or his estate. If the beneficiary in the present case had no vested interest and no interest in the policy under consideration, which she could assign, then the fact that she joined in the assignment would add nothing to the assignment, and a failure or want of consideration passing to her could not be involved. And we hold that the plaintiff had no such vested right or interest in the policy as to require her to join in the assignment thereof in order to make such assignment valid.

In the case of Andrew v. Bankers Life Co., 214 Iowa 573, 240 N. W. 215, 217, we held that the beneficiary could not interfere with

insured's change of beneficiary under power reserved in the policy, and that the beneficiary, who voluntarily joined in an assignment of a life policy as collateral security, was estopped from denying the assignee's right to the proceeds of the policy after the husband's death. In that case the facts were almost identical with the case at bar, and the appellant attempts to distinguish that case from the case at bar for the reason, as they claim, the policy was assigned as collateral to a joint debt of both the insured and the beneficiary. We there said:

. "The insured, Fred A. Beers, in the instant policy, had the right, both expressly and impliedly to assign the policy, which carried the proceeds of said policy, when due, *and especially is this true when the beneficiary named in the policy, for a valuable consideration, joined the insured in the said assignment*." (The italics are ours.)

The part of the sentence italicized adds nothing to the rule laid down in the first part of the sentence, and does not distinguish the case from the case at bar. We must not be understood as holding that an assignment such as we have under consideration, joined in by the wife, without consideration passing to her, would be invalid. That question is not determined, for the reason that we hold that she had no interest in the policy which she could assign, and that the assignment by the insured transferred to the assignee all rights of every kind under the policy of insurance to the extent, at least, of the indebtedness for which the policy as assigned became collateral.

We have held that a pre-existing indebtedness is a sufficient consideration for the assignment of an insurance policy. Kaus v. Gracey, 162 Iowa 671, 144 N. W. 625.

We reaffirm our prior pronouncements upon the questions here discussed and hold that the determination of the questions by the trial court was correct. The ruling appealed from is affirmed.—Affirmed.

All Justices concur.