Prudence Gearey SAND, Plaintiff and Appellant.

v.

The MERCHANTS NATIONAL BANK and TRUST COMPANY, Executor of the Last Will and Testament of Alice B. Gearey, Deceased, and E. E. Simonson, Administrator with the Will Annexed of the Estate of Alice B. Gearey, Deceased, Defendants and Respondents.

No. 7663.

Supreme Court of North Dakota.

March 4, 1957.

Rehearing Denied March 29, 1957.

Wattam, Vogel, Vogel, Bright & Peterson, Fargo, for plaintiff and appellant.

Nilles, Oehlert & Nilles, Fargo, for defendants and respondents.

MORRIS, Judge.

The plaintiff appeals from an order sustaining a demurrer to her complaint and from a judgment entered pursuant to that order. The complaint purports to set forth two causes of action. As to both causes it is alleged that the plaintiff is the sole heir at law of Alice B. Gearey, also known as Alice A. Gearey, the plaintiff's mother who died November 28, 1954

With respect to the first cause of action it is alleged that at the time of her death Alice B. Gearey was the owner of a policy of life insurance numbered 210059 issued by the Northwestern Mutual Life Insurance Company on the life of Hamilton W. Gearey, now deceased, and that the value of the avails of the policy at the time of the death of Alice B. Gearey was $7,405. This policy is further alleged to have been dated July 9, 1890, for the sum of $5,000 on the life of Hamilton W. Gearey, payable to his executors, administrators and assigns. It was thereafter, on September 22, 1896, assigned and transferred to Alice B. Gearey who remained the owner thereof. Alice B. Gearey executed the following direction to the life insurance company:

"I, Alice A. Gearey, also known as Alice B. Gearey, assignee under policy No. *210059*, issued by The Northwestern Mutual Life Insurance Company on the life of Hamilton W. Gearey, now deceased, hereby request and direct that there be attached to and made a part thereof the 'Special Provisions Relating To Settlement When This Policy Becomes Payable', as appearing in the Company's form of policy known as the 'Z' series; further, that such provisions apply to me as assignee and that settlement of the proceeds thereof be made with me in accordance with the provisions of Option A, so modified that payment shall be made quarterly at the minimum rate of $7.42 per $1000, of the amount so retained, the first installment being due September 4, 1936, with privilege of surrender and withdrawal.

"All interest payments will be subject to increase by such dividends as may be apportioned by the Company.

"The Northwestern Mutual Life Insurance Company is hereby authorized, requested and directed to endorse said policy accordingly."

This instrument is dated June 30, 1936, and bears a notation that it was received by the

claim department of the insurance company July 13, 1936. It is attached to and made a part of the complaint.

It is further alleged that under the provisions of Section 26–1018, NDRC 1943, the avails of the life insurance contract passed to the plaintiff as sole heir at law of Alice B. Gearey and that such avails were not otherwise specially bequeathed in her last will and testament. It is also alleged that the avails were delivered to the Merchants National Bank and Trust Company, executor of the last will and testament of Alice B. Gearey, and that the defendants have on demand failed to deliver the avails of the policy to the plaintiff who is rightfully entitled thereto.

In her second cause of action the plaintiff alleges that Alice B. Gearey at the time of her death was the owner of a policy of life insurance, number 467070, issued by the New York Life Insurance Company on the life of Hamilton W. Gearey, now deceased, and that the value of the avails of this policy was the sum of $7,354.21, which is being held by the New York Life Insurance Company under its contract account. This policy was dated July 20, 1892, in the sum of $5,000 on the life of Hamilton W. Gearey, payable to his executors, administrators and assigns. The policy was thereafter and on September 24, 1896, assigned and transferred to Alice B. Gearey, also known as Alice A. Gearey, who thereafter remained the owner thereof. The only direction given by Alice B. Gearey to the company is as follows:

"Gentlemen:—

"I desire to have you hold *$5022.69*, of the proceeds of this policy on deposit at interest, subject to my order, in accordance with the requirements for holding such funds. Under this arrangement I understand this amount may be withdrawn on demand in full, or in sums of not less than $100 each, and that interest will be credited to the deposit each year on the anniversary date of the deposit; that the interest will be at such rate as the Company may declare each year on funds so held, however, never to be less than 3% per annum.

"Interest may be withdrawn when credited, but if not withdrawn, it shall be added to the principal on said date for crediting interest and bear interest at the same rate and by the same method of calculation and credit.

"Interest shall be calculated as follows:—

" 'One year's interest on any sum held by said Company, for the full year;

" 'Nine months' interest on any sum held for nine months and less than the year;

" 'Six months' interest on any sum held for six months and less than nine months;

" 'Three months' interest on any sum held for three months and less than six months;

" 'No interest will be allowed for a period of less than three months nor for fractional parts of a dollar.'

"It is understood and agreed that once the Agreement and Account Book has been issued no change can be made in its terms."

This instrument bears a notation that it was received by the Fargo branch of the life insurance company August 6, 1936. It is made a part of the complaint. In further allegations similar to those contained in the first cause of action the plaintiff claims to be entitled to the avails of this policy under the provisions of Section 26–1018, NDRC 1943.

The statute upon which the plaintiff bases her right to recover under both causes of action, Section 26–1018, NDRC 1943, provides, insofar as it is pertinent to this controversy, as follows:

"The avails of a life insurance policy or of a contract payable by any mutual aid or benevolent society, when made payable to the deceased, to the

personal representatives of the deceased, to his heirs, or to his estate, shall not be subject to the debts of the decedent upon the death of such insured or member of such society except by special contract. Such avails shall be inventoried as a part of the estate of the decedent and distributed without deduction and shall pass to the heirs at law or legatees of the decedent in accordance with the laws of succession or of wills, as the case may be. The insured may transfer the avails of such life insurance policy or contract either by will or by contract."

The term "avails" as used in this statute is synonymous with "proceeds". In re Coughlin's Estate, 53 N.D. 188, 205 N.W. 14.

■ Section 26–0312, NDRC 1943, provides that a policy of insurance upon life may pass by transfer. An assignment is a transfer. The effect of the assignments of these policies to Alice B. Gearey was to transfer title of the policies to her. When there is an assignment of a policy falling within the terms of Section 26–1018, NDRC 1943, the avails or proceeds of the policy are payable directly to the assignee upon the death of the person whose life is insured. Jorgensen v. DeViney, 57 N.D. 63, 222 N.W. 464; Richards on Insurance, Fifth Edition, Section 125; Insurance Law and Practice, Appleman, Section 1284; Edington v. Aetna Life Insurance Co., 13 Hun, N.Y., 543; Clark v. Equitable Life Assurance Society, C.C., 133 F. 816; Potter v. Northwestern Mutual Life Insurance Co., 216 Iowa 799, 247 N.W. 669.

It is clear that Alice B. Gearey, as assignee, asserted her right to the avails of the life insurance policies here involved and received them pursuant to the options provided in the policies by having them held by the respective companies on deposit at interest subject to her withdrawal.

■ Had Hamilton W. Gearey died prior to his assignment of the policies the proceeds thereof, being payable to his executors, administrators and assigns, would have constituted avails of the policy under Section 26–1018, NDRC 1943 and would have passed to his heirs pursuant to the terms of the statute. The plaintiff contends that when he assigned the policies to Alice B. Gearey she became the insured within the meaning of the statute and that the proceeds of the policies which were left on deposit with the companies pursuant to her direction were avails of those policies that were payable to Alice B. Gearey and upon her death passed as avails to the plaintiff as the sole heir of Alice B. Gearey who had become the insured by virtue of the assignments.

■ In support of her position the plaintiff cites Section 26–0202, NDRC 1943, which provides:

"The person who undertakes to indemnify another by a contract of insurance is called the insurer, and the person indemnified is called the insured."

She argues that by the assignments Alice B. Gearey became the sole owner of the policies and the person indemnified and therefore must be considered to be the insured. Plaintiff's position presents two basic questions. First, did Alice B. Gearey become the insured upon the assignment to her of these policies that had been issued on the life of Hamilton W. Gearcy who was the original insured? Second, were the funds held by the life insurance companies pursuant to the optional settlement provisions of the policies and held on deposit at interest subject to her order avails of the policies within the meaning of Section 26–1018, NDRC 1943? An analysis of Section 26–1018, NDRC 1943, discloses that unless Alice B. Gearey at the time of her death was the "insured" under the policies in question the statute has no application to the funds involved herein and the complaint does not state a cause of action. The argument that the assignments, transferring as they did ownership of the

policies to the assignee, Alice B. Gearey, worked a change in the policies themselves so that Alice B. Gearey, the assignee, became the "insured" is resourceful. However, this argument runs counter to the terms of the policies. It assumes that the "insured" must always be the owner and that a change in ownership brings about a change in the "insured".

The insured in a life insurance policy means the person whose life is insured and whose death matures the obligation of the insurer to pay. The policies pleaded in the complaint furnished refutation of the appellant's argument. Since they are not set forth or pleaded in detail in the complaint we will assume that they conform to the standard policy forms prescribed by statute. A form is set out with respect to ordinary life or limited payment life policies in Section 26–0326, NDRC 1943. It in part provides: .

"In consideration of ...... dollars, receipt of which is hereby acknowledged, and of the payment of (insert amounts and times of payments of premiums) until (insert 'the death of the insured' in ordinary life or '...... full years' premiums shall have been paid or until the prior death of the insured' in limited payment life).

"Promises to pay upon receipt at the home office of the ...... company in ...... of due proof of death of ...... of ...... county of ......, state of North Dakota, herein called the insured, to ...... beneficiar ...... with (insert 'out' if so desired) right of revocation, ...... dollars, less any indebtedness hereon to the company and any unpaid portion of the premium for the then current policy year.

"The insured, by written notice to the company at its home office, and with the written consent of the assignee and irrevocable beneficiary, if any, may elect to have the net sum payable under this policy paid either in cash or as follows:

"1. By the payment of interest thereon at ...... percent per annum payable annually, to the payee under this policy at the end of each year during the life of the payee and by the payment upon the death of the payee of the said net sum and accrued interest to the executors, administrators, or assigns of the payee, unless otherwise directed in said notice;

"2. By the payment of equal annual installments for a specified number of years, the first installment being payable immediately, in accordance with the following table for each $1,000 of said net sum; or

"3. By the payment of equal annual installments payable at the beginning of each year for a fixed period of twenty years and for so many years longer as the payee shall survive in accordance with the following table for each $1,000 of said net sum.

"Installments payable under options two or three which shall not have been paid prior to the death of the payee shall be paid, unless otherwise directed in said notice, to the executors, administrators, or assigns of the payee.

"If the insured shall not have directed otherwise, the beneficiary, after the death of the insured, by like written notice, and with the written consent of the assignee, if any, may select either of the above options."

It is clear from the context of this form and of other statutory forms of life insurance policies, see Sections 26–0327, 26–0328, 26–0329, 26–0330 and 26–0331, NDRC 1943, that the term "insured" means the person whose life is insured and does not include an assignee who becomes the owner of the policy or acquires an interest therein by virtue of an assignment. When the leg-

islature used the term "insured" in Section 26–1018, NDRC 1943, it intended that term to have the same meaning as it had in the standard forms. For other instances of the legislative use of the term "insured" which clearly indicate by their context that the person whose life is insured is intended see Section 26–0335, NDRC 1943 and the amendment thereof shown in the 1953 Supplement NDRC setting forth provisions required in life insurance policies issued on other than standard forms and Section 26–0324, NDRC 1943, which provides that after a life insurance policy has been in force for one year it shall be no defense that the insured committed suicide. This meaning is also the same as that generally accepted and used in life insurance policies.

Black's Law Dictionary, Fourth Edition, describes insured as "The person who obtains insurance on his property, or upon whose life an insurance is effected." Citing Healy v. Prudential Insurance Co. of America, Sup., 140 N.Y.S. 505, and Thompson v. Northwestern Mutual Life Insurance Co., 161 Iowa 446, 143 N.W. 518. Webster's New International Dictionary, Second Edition, defines the term as "A person whose life or property is insured."

When Hamilton W. Gearey obtained the policies the issuing companies became the insurers and he became the insured. The policies by their terms were payable to his executors, administrators and assigns who were the designated beneficiaries. If there had been no assignments the executors or administrators, as the case might be, would have been the beneficiaries and at his death, in the absence of the statute, would have collected the avails or proceeds of the policies as assets of the estate. Section 26–

1018 being applicable the avails would not have been subject to the debts of the insured and his representatives would have been obliged to distribute them without deduction to the heirs at law or legatees entitled thereto. But the insured Hamilton W. Gearey assigned the policies to Alice B. Gearey which made the proceeds payable to the assignee upon his death in accordance with the terms of the policies and not by virtue of the statute. As these policies were originally written Hamilton W. Gearey had a dual interest therein. One was a present interest which represented the actual cash value of the policy as an asset prior to his death. The other was a contingent beneficial interest which would accrue upon his death. The assignments transferred both of these interests to Alice B. Gearey. The transfers of both these interests to her by these assignments did not change the policies themselves other than to provide a different payee. The policies remained payable only on his death. He was the insured and so remained as long as the policies were in force. While the assignments vested in Alice B. Gearey the right to realize upon the cash value of the policies during his life and upon the contingent liability of the insurer which matured upon his death, she never became the insured either under the terms of the policies or within the meaning of the statute under consideration. It is clear that the statute has no application to the proceeds of these policies.

The order and judgment appealed from are affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ., concur.